# Illinois Official Reports

## Appellate Court

***Oruta v. B.E.W.*, 2016 IL App (1st) 152735**

| | |
|---|---|
| Appellate Court Caption | LARRY ORUTA, Plaintiff-Appellant, v. B.E.W. and CONTINENTAL, Defendants-Appellees. |
| District & No. | First District, Fifth Division<br>Docket Nos. 1-15-2735, 1-15-2790 cons. |
| Filed<br>Rehearing denied | December 30, 2016<br>February 9, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-L-8803; the Hon. James Flannery, Jr., Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Larry Oruta, of South Bend, Indiana, appellant *pro se*.<br><br>No brief filed for defendants. |
| Panel | PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Justice Reyes concurred in the judgment and opinion.<br>Justice Lampkin specially concurred, with opinion. |

**OPINION**

¶ 1    This court has dismissed three prior appeals by plaintiff in this same case for lack of jurisdiction. *Oruta v. B.E.W.*, 2014 IL App (1st) 133941-U[1] (Dec. 5, 2014) (*Oruta I*);[2] *Oruta v. Bobby E. Wright Comprehensive Behavioral Health Center, Inc.*, 2014 IL App (1st) 131690-U (Aug. 1, 2014) (*Oruta II*); *Oruta v. B.E.W.*, 2013 IL App (1st) 123541-U (Dec. 20, 2013) (*Oruta III*).[3] For the following reasons, this opinion will mark our fourth time dismissing an appeal by the same litigant in the same case for lack of jurisdiction.

¶ 2                                    BACKGROUND
¶ 3                                    I. First Appeal
¶ 4    We provide a description of the prior appeals in this opinion so that issues do not repeat themselves. We quote from the documents because the events of this case are so bizarre that they would be hard to believe without documentation. Just for example, plaintiff was able to obtain from the trial court an $80,000 garnishment order on a nonexistent judgment; and a defendant was forced to file a motion to dismiss—multiple times—although there was never any record of a complaint being filed which named it as a defendant.

¶ 5    In our first Rule 23 order, dated December 20, 2013,[4] we summarized the case as follows:

> "Plaintiff Larry Oruta filed a series of *pro se* complaints, that were completely unintelligible, against defendants B.E.W.,[5] Continental Air Transport, Inc., Budget Avis (Budget) and other parties seeking to enforce a judgment that never existed. Defendant Budget, who is the only party before this court on appeal, responded to each complaint with a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)). Oruta filed a garnishment against a bank claiming he obtained a judgment against Continental on a workers compensation case, and after service of process, filed a motion for a turn over of funds. The trial court granted the motion, ordering the bank to turn over $80,000 to Oruta in satisfaction of judgment. Actually, the record on appeal indicates that Oruta received no award from

_____

[1]Although two of these appeals were decided by Illinois Supreme Court Rule 23 orders which generally "may not be cited," the rule specifically allows them to be cited for the "law of the case," which is the purpose for which we cite them here. Ill. S. Ct. R. 23 (eff. July 1, 2011).

[2]Although citation style does not require us to include decision dates, we provide them here to indicate how frequently we addressed the same issues with the same plaintiff—more than three times in three years.

[3]We also dismissed at least two other appeals by plaintiff for want of prosecution. *Oruta v. Continental Air Transport*, No. 1-14-0404 (Nov. 24, 2014) (for failure to file a brief), *appeal denied*, No. 118911 (Ill. Sept. 30, 2015); *Oruta v. Continental Air Transport*, No. 1-14-3224 (Apr. 2, 2015) (for failure to file the record).

[4]The circuit court number was No. 11-L-8803, which is the same circuit court number in the case at bar. There is no Illinois Workers' Compensation Commission case number listed in the December 20, 2013, Rule 23 order.

[5]Defendant B.E.W. is referred to in court captions and orders sometimes by its initials and sometimes by its full name, Bobby E. Wright Comprehensive Behavioral Health Center. For consistency's sake, we will refer to this defendant as "B.E.W." unless we are providing an exact quote.

the workers compensation case, had no judgment, and filled out the garnishment forms claiming that there was a judgment. The trial court subsequently vacated its turn over order, finding that no judgment existed, and ordered that Oruta return any money he may have received. Oruta appealed the order vacating the turn over order only and, for the following reasons, we dismiss the appeal for lack of jurisdiction. After Oruta filed his notice of appeal, Budget, who was apparently not a party to the workers compensation case, prevailed on its motion to dismiss." *Oruta III*, 2013 IL App (1st) 123541-U, ¶ 2.

¶ 6 In our 2013 order, we observed that plaintiff had filed his notice of appeal *before* the trial court's January 14, 2013, order dismissing the case with prejudice. Thus, his appeal of the turnover order was an appeal of a nonfinal order, and we lacked jurisdiction to review it for the reasons explained in our Rule 23 order, which we will not repeat here. *Oruta III*, 2013 IL App (1st) 123541-U, ¶ 21. We therefore dismissed his appeal for lack of jurisdiction.

¶ 7 As for the odd assortment of named defendants, the record reveals that plaintiff initially made claims of overcharges on a rental car against defendant Budget and then sought to add, to the same case, unrelated claims relating to workers' compensation against defendants B.E.W. and Continental.

¶ 8                                                    II. Second Appeal

¶ 9 Next, plaintiff appealed from an order finding him in civil contempt and ordering him into the sheriff's custody for not obeying an earlier order to return the $80,000 that he improperly obtained by garnishment upon a nonexistent judgment. *Oruta II*, 2014 IL App (1st) 131690-U, ¶ 2. Plaintiff was to stay in the county jail until he purged himself from the contempt finding by returning the wrongfully obtained funds. On May 20, 2013, plaintiff appealed, even though the trial court had already ordered his immediate release from custody on April 24, 2013. We described the underlying facts in that case as follows:

"Plaintiff's claims against B.E.W. and Continental concern in relevant part workers' compensation claims upon which the Commission issued decisions on June 20, 2012.

In case 04WC30529, with B.E.W. as the employer-respondent, the Commission denied plaintiff benefits upon a finding that he failed to prove a causal connection between his present health and his work-related accident of September 3, 2003. On June 28, 2012, the court in the instant case (then pending against Budget, Chase and Sedgwick) granted plaintiff leave to add B.E.W. as a defendant. On July 18, plaintiff obtained a summons in workers' compensation review, in case 04WC30529; however, while its caption names the Commission, B.E.W., and Continental as defendants, the list of parties to be summoned, and plaintiff's certificate of mailing, do not list the Commission as a served party. See 820 ILCS 305/19(f)(1) (West 2012) (judicial review of Commission decision must be commenced within 20 days of party's notice of decision). Plaintiff also filed a complaint naming the same defendants and seeking review of the Commission's decision and purporting to raise claims of misrepresentation and fraud, negligence, emotional distress, and retaliatory discharge. The complaint alleged that the Commission's decision was erroneous but merely named the other claims without any further allegation.

In case 06WC4948, with Continental as the employer-respondent, the Commission granted plaintiff benefits of $383.76 per week for 37.5 weeks of temporary total

- 3 -

incapacity for work, plus certain specified medical expenses and interest, resulting from an accident on January 3, 2006. In September 2012, upon plaintiff's motion, the court transferred the workers' compensation case pursuant to its order of June 28, 2012. That same month, plaintiff obtained a summons in workers' compensation review, in cases 04WC30529 and 06WC4948, naming the Commission, B.E.W., and Continental as defendants; again, plaintiff's certificate of mailing did not include the Commission.

As noted in our prior order, the trial court found on December 4, 2012, that Budget was the only properly served and represented defendant and that plaintiff had no default or monetary judgment against any defendant, and the court ordered that default against B.E.W. [*sic*] was denied, that any previous order requiring the turnover of funds to plaintiff was vacated as plaintiff had not won any monetary judgment, and that plaintiff had until December 7, 2012, to return any funds erroneously released to him. Plaintiff appealed this order, which we found to be non-final as it did not terminate any litigation against any party.

On December 10, 2012, the court ordered that plaintiff appear on December 13 and show cause why he should not be held in civil contempt for not returning funds by December 7 as ordered on December 4. The order noted that plaintiff was notified in person on December 4 that failure to obey that day's order would result in a proceeding for civil contempt. On December 13, 2012, the court found plaintiff in contempt and ordered the sheriff to arrest and incarcerate him until he purged his contempt by returning $80,000 to Fifth Third Bank. The order recited that plaintiff made misrepresentations that resulted in a judgment of $80,000 against Continental and thus an $80,000 garnishment and turnover order against Fifth Third Bank.

In December 2012, B.E.W. appeared, and in January 2013 filed a motion to dismiss claiming a limitations defense: that plaintiff did not sue B.E.W. for his 2003 discharge until 2012. On January 14, 2013, the court granted with prejudice both Budget's pending motion to dismiss on all claims and B.E.W.'s motion to dismiss on all claims. The court also set a status hearing 'for any remaining issues to the extent there are any such issues.' The order did not include a finding there is no just reason for delaying appeal. See Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010).

On April 4, 2013, the court found that plaintiff continued to be in civil contempt for not complying with the December 4 order and reiterated that he would remain in the sheriff's custody until he paid $80,000. However, on April 24, 2013, the court ordered plaintiff's immediate release from the sheriff's custody.

Plaintiff filed the instant notice of appeal on May 20, 2013, seeking to appeal the orders of April 4 and 24, 2013." *Oruta II*, 2014 IL App (1st) 131690-U, ¶¶ 3-10.

¶ 10    In our order in *Oruta II*, we observed that, while an order imposing a penalty for civil contempt is generally appealable, plaintiff waited until May 20, 2013, to file his notice of appeal, and "May 20 is well over 30 days after April 4." *Oruta II*, 2014 IL App (1st) 131690-U, ¶ 12 (citing Ill. S. Ct. R. 303(a) (eff. June 4, 2008)). In addition, plaintiff's incarceration for contempt was terminated by one of the orders being appealed. *Oruta II*, 2014 IL App (1st) 131690-U, ¶ 12. Thus, we once again dismissed for lack of jurisdiction.

## III. Third Appeal

After the contempt proceedings were terminated, plaintiff moved to reinstate the garnishment proceedings, claiming that he had been granted a final judgment. *Oruta I*, 2014 IL App (1st) 133941-U, ¶ 5. He claimed that the trial court had reopened the proceedings, and he submitted in support a purported order that the trial court subsequently found had never been entered. *Oruta I*, 2014 IL App (1st) 133941-U, ¶ 6. Plaintiff then appealed the trial court's order which found that the purported order had never been entered. *Oruta I*, 2014 IL App (1st) 133941-U, ¶ 6.

We described the facts giving rise to his third appeal as follows:

"In November 2013, plaintiff filed a motion to reinstate his citation and garnishment proceedings, claiming that he was granted a final judgment in January 2012. On December 3, 2013, plaintiff obtained a citation to discover assets reciting that he had a January 2012 judgment *** and that the judgment now amounted to $103,000. However, the court vacated the citation that same day.

Later in December 2013, plaintiff filed a motion to show cause *** claiming that the court reopened citation proceedings on November 22, 2013. Attached to the motion was a near-illegible document purporting to be a court order. On December 16, 2013, the court struck the 'alleged order' of November 22, 2013, as 'having never been entered by this court.' Plaintiff filed a notice of appeal on December 19, 2013, from the December 16 order." *Oruta I*, 2014 IL App (1st) 133941-U, ¶¶ 5-6.

We once again dismissed for lack of jurisdiction, holding: "Plaintiff is not appealing from a final order—an order making a final disposition of any claim against any party—and we accordingly dismiss this appeal." *Oruta I*, 2014 IL App (1st) 133941-U, ¶ 7.

## IV. Fourth and Instant Appeals

On September 18, 2014, the trial court entered an order in this same case, with the same circuit court number (No. 11-L-8803), stating: "This matter coming on plaintiff's emergency motion to refund his alleged Illinois Workers Compensation Commission bond: IT IS HEREBY ORDERED: Plaintiff's motion is denied the court having no jurisdiction." The bond appears to refer to a bond described two years earlier in a decision by the Illinois Workers' Compensation Commission which stated that if defendant Continental Airport Express wanted to appeal the decision to the circuit court, it would have to obtain a bond in the sum of $14,500. *Oruta v. Bobby Wright/Continental Airport Express*, Ill. Workers' Comp. Comm'n, No. 06-WC-4948 (June 20, 2012).

On October 22, 2014, plaintiff filed a notice of appeal of the September 18 order[6] and, on April 2, 2015, this court dismissed this appeal for lack of prosecution, specifically, for failure to file a record on appeal, which had been due almost three months earlier on January 5, 2015. Instead of seeking an extension of time with this court to file the record on appeal, plaintiff began filing motions in the trial court asking the lower court to "revisit" this same bond—apparently so he could appeal again.

---

[6]The notice of appeal also states that plaintiff is appealing an order dated October 15, 2014. However, this court cannot locate an October 15, 2014, order in the appellate record.

¶ 18    On August 21, 2015, plaintiff moved the trial court "to revisit prior motion filed and presented in court in [*sic*] October 20th 2014. But the trial court requested for proof of bond granted by Cook County court pertaining to ILWC 305(19g) filed and granted through Illinois Secretary [of] State on 8-27-12. Therefore motion to show cause on part of bond."

¶ 19    Section 19(g) of the Workers' Compensation Act (820 ILCS 305/19(g) (West 2012)) provides that "either party may present a certified copy of the award *** when the same has become final *** for the payment of compensation *** to the Circuit Court."[7] Plaintiff appears to be moving for release of the bond put up by his employer to satisfy a judgment. However, the record before us shows that a bond was placed on August 27, 2012, but there is no evidence in the record as to whether this bond still exists; plaintiff provides us no reasons or evidence that he would be entitled to the proceeds of the bond; and the record on appeal does not provide any reasons or evidence that plaintiff would be entitled to the proceeds of the bond.

¶ 20    On August 21, 2015, plaintiff also moved the trial court for "return of bond," stating that it was "used as collateral and ILWC 305(19g) award granted by the ILWC Commission and Cook County on 6-20-12 and 8-2-12 by [trial judge]. Also on matters coming to be heard on 8-21-15 def. Hartford ins. c/o Sedgwick asked to appear at Room 2005 at 10:30 a.m. court having ruled on 8-21-15."

¶ 21    On August 28, 2015, plaintiff moved for "default judgment," stating: "Plaintiff asserts that def. B.E.W. and Continental were transferred from ILWC [Illinois Workers' Compensation Commission] jurisdiction to Cook County judicial [circuit court] on 8-8-12 and 9-4-12 & court having jurisdiction entered orders by [judge's name]. But clerk's office failed to enter transfer (summons & complaint) of service on 10-17-12 against B.E.W." Plaintiff further stated: "Note: on 11-22-13 order was entered to clarify missing complaint & summons thus default be entered against B.E.W."

¶ 22    On September 3, 2015, plaintiff moved again for default judgment, stating: "Under ILCWC 305 19 (g)(1)[8] court having jurisdiction in a transfer order entered on 8-8-12 and 9-4-12 by [trial court]. Also order to amend both defendants B.E.W. on 6-28-12 by [trial court] and Continental on 5-9-12. B.E.W. secured on 10-17-12. But clerk's office misfiled Service of Summons and Complaint. But order for clarification made 11-22-13." Plaintiff further stated: "Note [trial judge] allowed missing Complaint and Summons entered on 11-22-13 open court. For motion filed 8-28-15 for 9-3-15."

¶ 23    On September 22, 2015, plaintiff filed another notice of appeal, which stated that he was appealing an order issued by the trial court also on September 22, 2015. That appeal was assigned No. 1-15-2735. On September 29, 2015, plaintiff filed a second notice of appeal, listing the same parties, which also stated that the order being appealed was the September 22, 2015, order. That appeal was assigned No. 1-15-2790.

¶ 24    The September 22 order states in full:

---

[7]Section 19(g) further provides: "Judgment shall not be entered until 15 days' notice of the time and place of the application for the entry of judgment shall be served upon the employer by filing such notice with the Commission." 820 ILCS 305/19(g) (West 2012).

[8]The relevant portions of section 19(g) of the Workers' Compensation Act (820 ILCS 305/19(g) (West 2012)) are quoted above in the text. There is no subsection (1) in section 19(g). However, if plaintiff meant section 19(f)(1), that section is quoted in relevant part in the analysis below.

"1. Matters coming to the Court on motion to grant plaintiff Larry Oruta Rule 305 (pg g) award and pursuant [(]see 305(a)[)] under 710 ILCS 5-18 is denied on grounds of lack of jurisdiction.

2. Matter to default defendant B.E.W. on grounds of service on 10-17-12 is also denied on jurisdictional grounds."

¶ 25 On March 24, 2016, this court allowed plaintiff's motion to consolidate the two appeals; and on October 27, 2016, this court ordered that the two consolidated cases would be taken for consideration on the record and the appellant's brief only.

¶ 26                                    ANALYSIS

¶ 27 As we observed above, this court has dismissed three prior appeals by plaintiff in this same case for lack of jurisdiction. *Oruta v. B.E.W.*, 2014 IL App (1st) 133941-U (Dec. 5, 2014) (*Oruta I*); *Oruta v. Bobby E. Wright Comprehensive Behavioral Health Center, Inc.*, 2014 IL App (1st) 131690-U (Aug. 1, 2014) (*Oruta II*); *Oruta v. B.E.W.*, 2013 IL App (1st) 123541-U (Dec. 20, 2013) (*Oruta III*). For the following reasons, this opinion will mark our fourth dismissal of an appeal by the same litigant in the same case for lack of jurisdiction.

¶ 28                            I. No Table of Contents

¶ 29 Plaintiff's brief fails to include a table of contents to the record on appeal. We can dismiss the appeal on this basis alone.

¶ 30 When litigants appear *pro se*, their status does not relieve them of their burden of complying with the court's rules. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 39 (2005); see also *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78 ("In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules."). "Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal." *Epstein*, 362 Ill. App. 3d at 42 (citing *In re Marriage of Gallagher*, 256 Ill. App. 3d 439, 442 (1993)). "While this court is not bound to enforce strict, technical compliance with the rules where, despite minor inadequacies in an appellate brief, the basis for an appeal is fairly clear [citation], a party's failure to comply with basic rules is grounds for disregarding his or her arguments on appeal." *Epstein*, 362 Ill. App. 3d at 42.

¶ 31 Under Illinois Supreme Court Rule 342(a), an appellant's brief must include, in "an appendix, *** a complete table of contents, with page references, of the record on appeal." Ill. S. Ct. R. 342(a) (eff. Jan. 1, 2005). Plaintiff's appellate brief does not contain a complete table of contents with page references to the record. It contains a page entitled "Docketing order," which contains only a partial list of some documents with cites to the record. The brief also contains a page entitled "Appendix" with a list of 16 documents with apparent page numbers, from 1 to 17, that do not correspond to either the pages in the record or the documents in the appendix.

¶ 32 This appendix also includes documents that are not in the appellate record and thus must be disregarded. Under Illinois Supreme Court Rule 342(a) (eff. Jan. 1, 2005), the appendix must contain "pleadings or other materials from the record which are the basis of the appeal." However, a party may generally not rely on matters outside the record to support its position on appeal. *Keener v. City of Herrin*, 235 Ill. 2d 338, 346 (2009). Thus, if the materials are not taken from the record, they may not generally be placed before the appellate court in an

appendix and will be disregarded. *Hubeny v. Chairse*, 305 Ill. App. 3d 1038, 1042 (1999). See also *Keener*, 235 Ill. 2d at 346 (when a party disregards this rule, a reviewing court may strike the brief or "simply disregard the inappropriate material").

¶ 33     Supreme court rules are not advisory suggestions, but rules to be followed. *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57; *In re Estate of Michalak*, 404 Ill. App. 3d 75, 99 (2010). Since plaintiff's appellate brief fails to follow the provisions set forth in Illinois Supreme Court Rule 342(a), we may, within our discretion, dismiss his appeal for failure to do so. *Hluska*, 2011 IL App (1st) 092636, ¶ 57; *Fender v. Town of Cicero*, 347 Ill. App. 3d 46, 51 (2004) (citing *Collier v. Avis Rent A Car System, Inc.*, 248 Ill. App. 3d 1088, 1095 (1993)).

¶ 34                              II. No Cites to Record

¶ 35     In addition, the argument section of plaintiff's appellate brief fails to comply with the provisions of Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016), which require "references to the volume and pages of the record on appeal so that we are able to assess whether the facts which [the appellant] presents are accurate and a fair portrayal of the events in this case." *Hluska*, 2011 IL App (1st) 092636, ¶ 58 (discussing the requirements of Rule 341(h)(7)). Specifically, Rule 341(h)(7) requires the "Argument" section of an appellant's brief to cite "the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016). Plaintiff's argument section does not contain one citation to the volume or page numbers of the record.

¶ 36     In *Epstein*, after first remarking on the *pro se* litigants' extensive litigation experience, this court dismissed their appeal for failure to comply with supreme court rules. *Epstein*, 362 Ill. App. 3d at 43. In *Epstein*, we used language that is equally applicable to the case before us: "[Appellants] appear to take this court for fools and seem to labor under the presumption that we would take their appeal ignorant of their extensive, prolific,[9] and sometimes ludicrous attempts to elude and forestall judgments *** and the enforcement thereof. *** We refuse to further enable this pathology ***. *** In short, we will not abide [their] attempt to perpetuate litigation that concluded long ago, and pursuant to our discretion to dismiss an appeal for violations of supreme court rules [citation], we dismiss this appeal." *Epstein*, 362 Ill. App. 3d at 43.

¶ 37                              III. Jurisdiction

¶ 38     On September 18, 2014, the trial court in the instant case entered an order finding that it had no jurisdiction to entertain a motion by plaintiff concerning an alleged Illinois Workers' Compensation Commission bond. Plaintiff appealed this order, but his failure to file the record for three months led to the dismissal of this appeal.

¶ 39     In an attempt to keep this issue alive, plaintiff filed more motions with the trial court which were also dismissed for lack of jurisdiction.

¶ 40     In his appellate brief, plaintiff lists as one of the "issues presented for review": "Did [C]ook [C]ounty have jurisdiction to deny appellant Statutory Bond entered on 6-20-12 ***?"

---

[9]Plaintiff has filed not only numerous appeals in this case in the last few years, but also appeals in other unrelated cases. *E.g.*, *Oruta v. Bek*, 2011 IL App (1st) 092651-U, ¶¶ 1, 6 (another appeal, which consolidated two separate circuit court cases, was also dismissed for lack of jurisdiction).

However, he cites no page in the appellate record as proof that the bond still exists. The trial court must not have viewed proof either because, in its September 18, 2014, order, it referred to "his *alleged* Illinois Workers Compensation Commission bond." (Emphasis added.) The June 20, 2012, decision by the Illinois Workers' Compensation Commission stated only that, if defendant Continental Airport Express wanted to appeal the decision to the circuit court, it would have to obtain a bond in the sum of $14,500. *Oruta v. Bobby Wright/Continental Airport Express*, Ill. Workers' Comp. Comm'n, No. 06-WC-4948 (June 20, 2012). See 820 ILCS 305/19(f)(2) (West 2012) (describing the bond procedure for review). The record contains evidence of a bond taken out on August 27, 2012, but there is no evidence whether the bond still exists.

¶ 41    The appellate record includes a letter by plaintiff's attorney, dated August 25, 2015, which states that the Illinois Workers' Compensation Commission entered an award in plaintiff's favor against Continental and that Continental paid the award. If this letter—submitted by plaintiff—is correct, and the award was paid, then we are not clear what claim plaintiff would have against the bond, even if it still existed.

¶ 42    In addition, plaintiff's attorney stated in this August 20, 2015, letter that plaintiff filed an appeal *pro se* of the Commission's decision. To the extent that plaintiff is appealing the decision or actions of Illinois Workers' Compensation Commission, we have no more jurisdiction than the original trial court did. "Although the circuit courts are courts of general jurisdiction ***, that presumption does not apply in workers' compensation proceedings, where the court exercises special statutory jurisdiction." *Rojas v. Illinois Workers' Compensation Comm'n*, 406 Ill. App. 3d 965, 971 (2010) (citing *Kavonius v. Industrial Comm'n*, 314 Ill. App. 3d 166, 169 (2000)); *Residential Carpentry, Inc. v. Kennedy*, 377 Ill. App. 3d 499, 502 (2007). "In an appeal from a decision of the Commission, the circuit court obtains subject matter jurisdiction only if the appellant complies with the statutorily mandated procedures set forth in the Act." *Rojas*, 406 Ill. App. 3d at 971 (citing *Esquivel v. Illinois Workers' Compensation Comm'n*, 402 Ill. App. 3d 156, 159 (2010)); *Residential Carpentry*, 377 Ill. App. 3d at 502.

¶ 43    Section 19(f) of the Workers' Compensation Act provides, in relevant part:
    "The decision of the Commission *** shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. ***

        (1) *** [T]he Circuit Court *** shall by summons to the Commission have power to review all questions of law and fact presented by such record.

        A proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission. *** [S]ervice shall be made upon the Commission and other parties in interest by mailing notices of the commencement of the proceedings ***. ***

        The Commission shall not be required to certify the record of their proceedings to the Circuit Court, unless the party commencing the proceeding for review in the Circuit Court [shall pay the proper amount for the cost of the preparation of the record]. ***

        In its decision on review the Commission shall determine *** the probable cost of the record to be filed as part of the summons in that case and no request for a summons may be filed and no summons shall issue unless the party seeking to

review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made of the sums so determined ***." 820 ILCS 305/19(f) (West 2012).

¶ 44        In the case at bar, the decision of the Commission, dated June 20, 2012, determined that the cost of the record was $35. However, plaintiff has not cited to a page in the record before us, nor can we find one, which shows that he submitted to the clerk of the circuit court proof of his payment of this $35 within 20 days of his receipt of the June 20, 2012, decision. " '[I]n order to perfect jurisdiction in the circuit court, the appellant must not only file a written request for summons within 20 days after receiving the Commission's decision, but he or she must also exhibit to the clerk of the circuit court within the same time frame either a receipt showing payment of the probable cost of the record on appeal or an affidavit of an attorney setting forth that such payment has been made to the Commission.' " *Rojas*, 406 Ill. App. 3d at 972 (quoting *Esquivel*, 402 Ill. App. 3d at 159-60).[10]  In addition, as we observed in a prior order, "plaintiff's certificate of mailing did not include the Commission." *Oruta II*, 2014 IL App (1st) 131690-U, ¶ 5; 820 ILCS 305/19(f) (West 2012) ("service shall be made upon the Commission and other parties in interest by mailing notices of the commencement of the proceedings").

¶ 45        In plaintiff's jurisdictional statement in his appellate brief, plaintiff states that "[t]he appellate court has judicial authority to reverse all rulings of the lower court as a matter of law *** under ILWC 303(19)g." It is not so simple. If plaintiff had a problem with an action taken by the Illinois Workers' Compensation Commission or related to its decision, then he had to follow the statutory requirements necessary to appeal to the circuit court. Plaintiff does not cite evidence in the record that he did so. Thus, this court lacks jurisdiction.

¶ 46                                           CONCLUSION

¶ 47        For the foregoing reasons, we dismiss this appeal for lack of jurisdiction and for failure to abide by supreme court rules.

¶ 48        Appeal dismissed.

¶ 49        JUSTICE LAMPKIN, specially concurring.

¶ 50        I specially concur only in the result reached by the majority. This case, however, does not qualify for disposition by opinion because it does not establish a new rule of law, does not modify, explain, or criticize an existing rule of law, and does not resolve, create, or avoid an apparent conflict of authority within the appellate court. Ill. S. Ct. R. 23(a) (eff. July 1, 2011).

---

[10]Although plaintiff had been granted permission on August 23, 2011, to proceed as an indigent person in the instant case when it was still solely against Budget, plaintiff does not point to a page in the record where he later applied for and received a waiver of this $35 fee in order to appeal the Commission's decision in a separate appeal.