NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2017[*]
Decided October 24, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2107

| | |
|---|---|
| LARRY ORUTA,<br> *Plaintiff-Appellant*,<br><br> *v.*<br><br>CONTINENTAL AIR TRANSPORT,<br>et al.,<br> *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 17 c 3039<br><br>Amy St. Eve,<br>*Judge*. |

**O R D E R**

Larry Oruta seeks in this 42 U.S.C. § 1983 suit to have a federal district court award him damages for injuries allegedly arising from a state-court order. The district court dismissed Oruta's suit as barred by the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). That reasoning is sound, so we affirm.

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

Oruta asserts the following. The Illinois Workers' Compensation Commission ordered two businesses, the Bobby E. Wright Comprehensive Behavioral Health Center (B.E.W.), and Continental Air Transport (Continental), to pay Oruta roughly $15,000. Oruta used that decision to obtain an $80,000 garnishment award against Continental, even though the judgment was for much less. Oruta then filed a complaint in state court against the Commission, B.E.W., and Continental. This step led to trouble for Oruta, for the state judge handling his complaint vacated the garnishment order and directed Oruta to return the money he had wrongfully acquired. He refused, and the judge held him in contempt and sent him to jail until he paid up. Oruta lost six state-court appeals contesting the validity of the contempt order. *See Oruta v. B.E.W. & Continental*, 69 N.E.3d 435, 437–442 (Ill. App. Ct. 2016) (collecting cases).

Dissatisfied with the outcomes in state court, Oruta turned to federal district court. He sued Continental, its attorney, and B.E.W., for their "malicious" litigation in state court. Oruta also sued the state judge for the decision to hold him in contempt. The district court ruled that under *Rooker-Feldman* it lacked subject-matter jurisdiction. That "doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741–42 (7th Cir. 2016) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

This case falls squarely within the *Rooker-Feldman* doctrine. Every injury for which Oruta seeks redress (the arrest, jail time, and order to return the garnished money) allegedly resulted from the state judge's order of contempt and the defendants' pursuit of that order. "No injury occurred until the state judge ruled against [him]." *Harold v. Steel*, 773 F.3d 884, 886 (7th Cir. 2014) (applying *Rooker-Feldman*). He is thus impermissibly "inviting district court review and rejection of" the contempt order and the in-court litigation positions that produced the order. *See Sykes*, 837 F.3d at 742. "[T]he judicial system cannot tolerate litigants who refuse to accept adverse decisions" in state court and then ask a federal district court to review them. *Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995). "[W]hen the *Rooker-Feldman* doctrine applies, there is only one proper disposition: dismissal for lack of federal jurisdiction." *Jakupovic v. Curran*, 850 F.3d 898, 904 (7th Cir. 2017) (quoting *Frederiksen v. City of Lockport*, 384 F.3d 437, 438–39 (7th Cir. 2004)).

We AFFIRM the judgment.