2022 IL App (2d) 210048-U
No. 2-21-0048
Order filed February 18, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| EDGAR PAL, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant and Counter- | ) | |
| defendant-Cross-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-CH-497 |
| | ) | |
| THE CITY OF ELMHURST and ELMHURST | ) | |
| CITY COUNCIL, | ) | |
| | ) | Honorable |
| Defendants-Appellees and Counter- | ) | Paul M. Fullerton, |
| plaintiffs-Cross-Appellants. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Bridges and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The Appellate Court affirmed the dismissal of the plaintiff's complaint where the record was insufficient for review; the defendants' cross-appeal was dismissed as moot.

¶ 2    Plaintiff, Edgar Pal, appeals an order of the circuit court of Du Page County dismissing

with prejudice his complaint against defendants, the City of Elmhurst (City) and the Elmhurst City

Council (City Council) arising out of alleged violations of the Open Meetings Act (OMA) (5 ILCS

120/1 *et seq.* (West 2018)) and the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2018)). Defendants cross-appeal an order dismissing their affirmative defense and counterclaim. As to plaintiff's appeal, we affirm. We dismiss as moot defendants' cross-appeal.

¶ 3                                        I. BACKGROUND

¶ 4                                        A. The Complaint

¶ 5     On August 14, 2020, plaintiff filed a four-count complaint against defendants stemming from a closed session of a June 15, 2020, city council meeting. Paragraph 12 of the complaint alleged as follows:

> "The closed session included discussion about the Public Works Director retiring and that the City Manager requested permission to fill the position. There was discussion about identifying the position as a leadership role as well as the projects that would be assigned to the position. ELMHURST CITY COUNCIL proceeded to reach a consensus to recruit external and internal candidates with the possibility of appointing an interim director."

Plaintiff alleged that OMA does not authorize such generalized discussions to occur in a closed session, but that, pursuant to section 2(c)(1) of OMA (5 ILCS 120/2(c)(1) (West 2018)), closed sessions are limited to discussions of the merits and conduct of specific employees and candidates. The complaint further alleged that plaintiff had made FOIA requests of the City for "any audio, video, or verbatim recordings" of the June 15, 2020, city council meeting and that the City had produced a recording of the open session only. Count I of the complaint alleged a violation of OMA, and counts II, III, and IV alleged FOIA violations. Plaintiff included a prayer for production of the requested records, injunctive relief, and attorney fees and costs.

¶ 6                          B. Defendants' Affirmative Defense and Counterclaim

¶ 7    Defendants filed an affirmative defense claiming that plaintiff violated their "statutory privilege" to keep the minutes of the closed session secret. Specifically, defendants alleged that plaintiff downloaded the minutes of the closed session (summarized in paragraph 12 of the complaint), which were inadvertently posted on the City's website, and then used that information to sue defendants. Defendants premised this affirmative defense upon the following grounds.

¶ 8    The City's official website contains a link to another site, which is where the City stores electronic documents, including city council meeting minutes of both open and closed sessions. The contents of the June 15, 2020, closed session were briefly posted on that site. On August 17, 2020, the City was notified by the Illinois Attorney General's office that plaintiff had requested a review of the June 15, 2020, closed session to determine whether it violated OMA. Plaintiff attached a copy of the closed-session minutes of the June 15, 2020, hearing to his request. According to plaintiff's correspondence with the Attorney General's office, plaintiff obtained those minutes by downloading them from the City's site on the evening of July 2, 2020.[1] The Attorney General then advised the City that, because plaintiff had filed a lawsuit, the Attorney General would take no action on plaintiff's request for a review. Section 2.06 of OMA (5 ILCS 120/2.06 (West 2018)) provides that minutes of closed sessions shall be available to the public only after the relevant public body determines that it is no longer necessary to protect the public interest or the privacy of an individual by keeping them confidential. Section 206(d) of OMA (5 ILCS 120/206(d) (West 2018)) provides that a public body shall periodically, but no less often than semi-annually, determine whether the need for confidentiality in such minutes still exists or whether the minutes no longer require confidential treatment and are available for public

---

[1] Defendants did not attach a copy of the closed-session minutes to its court filings.

inspection. When plaintiff downloaded the minutes of the June 15, 2020, closed session, the City had not yet made a determination that confidentiality no longer existed. Section 206(f) of OMA (5 ILCS 120/206(f) (West 2018)) provides that "no minutes of meetings closed to the public shall be removed" from the public body's official storage location prior to such determination, except by court order or vote of the public body. Section 4 of OMA (5 ILCS 120/4 (West 2018)) makes such removal without a court order or vote of the public body a Class C misdemeanor. When plaintiff downloaded and removed the minutes of the June 15, 2020, closed session, he knew or should have known that the City had not determined that they were no longer confidential. Defendants concluded that plaintiff "invaded the statutory privilege afforded the minutes by Section 2.06 of OMA ***." Based on these same grounds, defendants filed a counterclaim against plaintiff.

¶ 9    Plaintiff moved to dismiss the affirmative defense pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)) on the basis that section 2.06 of OMA is irrelevant to the complaint's claim that the closed session violated OMA. Plaintiff moved to dismiss the counterclaim, without identifying specific statutory references, on the bases that the statute of limitations had expired and that OMA is not a vehicle for governmental entities to sue private citizens. Plaintiff later withdrew his statute-of-limitations argument.

¶ 10         C. Defendants' Motion to Strike and Dismiss the Complaint

¶ 11    Defendants moved to strike paragraph 12 of the complaint, which purportedly summarized the contents of the June 15, 2020, closed session minutes. Defendants claimed that the subject matter of paragraph 12 was protected by the "statutory privilege" contained in section 2.06(f) of OMA. Defendants requested the court to conduct an *in camera* review of the minutes of the closed session to determine whether paragraph 12 violated the "privilege." Defendants also moved pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2018)) to dismiss

counts II, III, and IV of the complaint—the FOIA allegations. Defendants argued that the City had not yet determined, pursuant to section 206(d) of OMA, whether the minutes of the June 15, 2020, closed session should remain confidential when plaintiff made his FOIA requests. Therefore, defendants reasoned, they did not violate FOIA in failing to produce the documents requested.

¶ 12     At a hearing before the court on October 27, 2020, both sides asked the court to review the minutes and the recording of the June 15, 2020, closed session. The court's October 27, 2020, written order stated that defendants "are to provide the Court with a copy of the executive session minutes of [the] June 15, 2020, meeting as well as a copy of [the] verbatim recording for [the] June 15, 2020, meeting for in camera review ***." The record shows that defendants furnished the court with those items, but they were not made part of the record on appeal. On October 27, 2020, the court also stayed oral discovery pending ruling on the various motions.

¶ 13                    D. The Court's Rulings on Plaintiff's Motions

¶ 14     On November 23, 2020, the court granted plaintiff's motion to dismiss the affirmative defense "for the reasons set forth in the motion to dismiss." Next, the court granted the motion to dismiss the counterclaim, saying, "I don't believe [OMA] provides that type of cause of action."

¶ 15     The court then addressed the "actual recording at issue." The court stated that it had listened to the recording and that a limited portion of the closed discussion about the public works director was general and accessible to the public, but the remaining portion was subject to closed session. Plaintiff requested production of the portion that was general. The court stated that there were "two minutes" of "open" discussion. Defendants objected to plaintiff's request and asserted that the purpose for furnishing the recording to the court was only to resolve a discovery dispute and not to resolve the merits of the case. Defendants noted that their motion to strike paragraph 12 of the complaint and to dismiss the FOIA counts of the complaint was still pending. The court continued

the matter for ruling on that motion, noting that it was not granting plaintiff any relief on the merits of the lawsuit.

¶ 16          E. The Court's Ruling on Defendants' Motion to Strike and Dismiss

¶ 17    On January 6, 2021, defendants argued their motion to strike paragraph 12 of the complaint. Plaintiff then stated that the complaint included the entire closed session, not only that portion of it devoted to the public works director. Thus, plaintiff, in effect, amended the complaint, albeit without leave of court but also without objection. Plaintiff then invited the court, without objection, to rule on the merits of his OMA claim. The court indicated that it had again listened to the entire audio recording of the June 15, 2020, closed session. The court noted that the meeting lasted "just less" than an hour, with the first 16 minutes taken up with resolving electronic issues. After the roll call was taken at 16 ½ minutes, discussion regarding the public works director took approximately seven and a half minutes. The court then noted that the minutes of the closed session had been inadvertently disclosed on the City's website. The court found that four topics were discussed during that session and that each topic was subject in its entirety to closed session. The court specifically retracted its previous remarks to the effect that part of the discussion regarding the public works director was not subject to closed session. The court stated: "So to the extent that's what I indicated at that last hearing in November, I would reverse that because in listening to the entire discussion, and not just the entire discussion on the public works director, but the entire discussion for the closed session, there is nothing in there that would violate the Open Meetings Act." The court granted defendants' motion to dismiss counts II, III, and IV of the complaint because there was no FOIA violation. The court then noted that its ruling depended upon its belief, after having listened to the entire recording again, that "there's nothing in that tape that violates the Open Meetings Act." "So I'm dismissing the complaint," the court declared.

¶ 18    The court then inquired of counsel for defendants whether defendants were asking the court to order plaintiff to return to the City the minutes of the closed session that he had downloaded. "[T]hat is not something I'm going to do," the court ruled. Counsel for defendants stated: "I think the cat's out of the bag, Your Honor." Counsel expressed concern that plaintiff "is downloading and removing" minutes from the storage site, but expressed "hope that in the future [plaintiff] would not engage in that behavior and not bring lawsuits against the City for information improperly obtained." The court said, "I'm not going to rule one way or another on that issue." The court opined that the correct way to handle a future situation would be for the court to listen to any recording *in camera* and "determine whether there's a violation of [OMA]."

¶ 19    The court's written order of January 6, 2021, reflected that defendants' motion to dismiss counts II, III, and IV was granted and that counts I, II, III, and IV of the complaint were dismissed with prejudice. Plaintiff filed a timely notice of appeal. Defendants filed a timely notice of cross-appeal.

¶ 20                                 II. ANALYSIS

¶ 21                            A. Plaintiff's Appeal

¶ 22    Plaintiff raises the sole issue of whether the court properly dismissed his complaint. This appeal comes to us after an unusual procedural history. Defendants moved to dismiss counts II, III, and IV of the complaint, which alleged FOIA violations. Those alleged FOIA violations were predicated upon defendants' alleged violation of OMA. Defendants did not challenge the legal sufficiency of count I of the complaint, which alleged the OMA violation. Instead, defendants admitted the legal sufficiency of count I but interposed the affirmative defense that plaintiff downloaded minutes of a closed session in violation of a purported statutory privilege allowing defendants to maintain the secrecy of those minutes. Defendants also moved to strike paragraph

12 of the complaint on the basis of that purported privilege. Defendants counterclaimed against plaintiff for violation of the purported privilege. The court dismissed the affirmative defense because it did not meet the requirements of an affirmative defense. The court dismissed the counterclaim on the basis that OMA does not permit a public body to sue a private citizen for its breach.

¶ 23    Things took a procedural shortcut at the January 6, 2021, hearing. The court had continued the matter to January 6 for ruling on defendants' motion to strike paragraph 12 of the complaint and to dismiss counts II through IV. Paragraph 12 dealt only with that part of the closed city council meeting regarding the public works director. After defendants argued their motion to strike paragraph 12 of the complaint, plaintiff orally amended his complaint to include the entire closed session of the June 15, 2020, city council meeting. Plaintiff then suggested that the court should rule on the merits of count I, the alleged OMA violation. Defendants did not object to this procedure. The court ruled that count I of the complaint failed to state a claim upon which relief could be granted. The court found that the recording of the June 15, 2020, closed session demonstrated that the entire closed session fell within OMA's exceptions. The court granted defendants' motion to dismiss counts II, III, and IV of the complaint because they depended upon the viability of count I. The court did not rule on defendants' motion to strike paragraph 12 of the complaint because that motion was rendered moot by the court's *sua sponte* dismissal with prejudice of count I.

¶ 24    Because the court dismissed count I of the complaint on the basis of the recording of the closed meeting, the dismissal was not based on matters appearing on the face of the pleading. Therefore, the dismissal was effectively pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2018)). A section 2-619(a)(9) dismissal is on grounds that the claim asserted

against the defendant is barred by other affirmative matter outside the complaint that avoids the legal effect of, or defeats, the claim. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ ¶ 30-31. The purpose of section 2-619(a)(9) is to provide a method of disposing of issues of law and easily proved issues of fact relating to the affirmative matter early in the litigation. *Reynolds*, 2013 IL App (4th) 120139, ¶ 30. The court should grant a 2-619(a)(9) motion to dismiss only if the plaintiff can prove no set of facts that would support a cause of action. *Reynolds*, 2013 IL App (4th) 120139, ¶ 31. We review *de novo* a section 2-619(a)(9) dismissal.

¶ 25                                    1. *Statutes Involved*

¶ 26                                         a. *OMA*

¶ 27     OMA provides that public agencies exist to aid in the conduct of the people's business. *Gosnell v. Hogan*, 179 Ill. App. 3d 161, 171 (1989). To that end, OMA's intent is to assure that an agency's actions be taken openly and that deliberations be conducted openly. *Gosnell*, 179 Ill. App. 3d at 171. Section 2(a) of OMA requires that "all meetings of public bodies shall be open to the public" unless excepted in section 2(c). 5 ILCS 120/2(a) (West 2018). Section 2(c)(1) provides that a public body may hold closed meetings to consider the "appointment, employment, compensation, discipline, performance or dismissal" of "specific employees ***." 5 ILCS 120/2(c)(1) (West 2018). Exceptions allowing closed meetings are narrowly construed because they derogate the legislature's general policy of open meetings. *Gosnell*, 179 Ill. App. 3d at 171. However, every instance in which a public body's actions do not squarely meet the language of the exceptions will not constitute a violation of OMA. *Gosnell*, 179 Ill. App. 3d at 171. Rather, the statutory language and the legislature's intent expressed therein must be "interpreted and applied on the facts of each case." *Gosnell*, 179 Ill. App. 3d at 171.

¶ 28                                          b. *FOIA*

¶ 29 FOIA's purpose is to open government records to public scrutiny. *Chicago Tribune Co. v. Cook County Assessor's Office*, 2018 IL App (1st) 170455, ¶ 21. FOIA implements the legislature's public policy to provide Illinois citizens full access to information regarding governmental affairs. *Chicago Alliance for Neighborhood Safety v. City of Chicago*, 348 Ill. App. 3d 188, 198 (2004). Public records are presumed to be open and accessible. *Chicago Tribune*, 2018 IL App (1st) 170455, ¶ 21. When a public body receives a request for information, it must comply unless a statutory exemption applies. *Chicago Tribune*, 2018 IL App (1st) 170455, ¶ 21.

¶ 30                                    2. *Plaintiff's Contentions*

¶ 31 Plaintiff asks us to reverse the dismissal of his complaint. He frames the single issue that he raises thusly: "May a public body conduct generalized discussions about job positions, job responsibilities, and job recruitment plans in closed session despite the fact that OMA Section 2(c)(1) applies only to discussions about 'specific employees' " ?

¶ 32 Plaintiff's four-paragraph argument for reversal flows from his premise that the court (1) listened to the recording of that closed session, (2) concluded from listening to that recording that the City Council engaged in generalized discussions, and (3) ruled that generalized discussions can be held in closed session despite OMA's section 2(c)(1) provision to the contrary. Plaintiff summed up the basis for his argument in one paragraph:

> "The circuit court performed an *in camera* review of the closed session at issue and
> did not disagree that there were generalized discussions about the Public Works Director
> retiring and the City Manager requesting to fill the position; about identifying the position
> as a leadership role as well as the projects that would be assigned to the position; and about
> reaching a consensus to recruit external and internal candidates with the possibility of
> appointing an interim director (i.e. there is no factual dispute). What the circuit court ruled

was that Section 2(c)(1) [of OMA] exempts such generalized discussions. But that is incorrect as a matter of law."

¶ 33    Plaintiff failed to include citations to the record in making this argument, which depends upon factual assertions. We divert here to consider defendants' motion to strike plaintiff's brief, or in the alternative forfeit his argument, for failing to do so. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires the appellant to include references to pages of the record relied on for argument. *Oruta v. B.E.W. & Continental*, 2016 IL App (1st) 152735, ¶ 35. The purpose of this requirement is so that we can ascertain whether the facts as presented by the appellant's argument are an accurate portrayal of the record. *Oruta*, 2016 IL App (1st) 152735, ¶ 35. We may strike a brief for procedural violations when those violations interfere with our review of the issue. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153157, ¶ 11. Here, the reports of proceedings consist of three short court hearings at which no evidence was taken. The lack of record references does not hinder our review. Consequently, we decline to strike either the argument or plaintiff's brief. However, we admonish counsel for plaintiff that rules of procedure for appellate briefs are rules and not mere suggestions. *Wing*, 2016 IL App (1st) 153157, ¶ 11.

¶ 34    Defendants also argue that plaintiff has forfeited any contention that the court's dismissal of the FOIA counts of the complaint was error, as plaintiff makes no argument regarding his FOIA allegations. Rule 341(h)(7) requires briefs to contain argument, which consists of "contentions of the appellant and the reasons therefor, with citations of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7). Consistent with the plain language of Rule 341(h)(7), our supreme court has made clear that the failure to argue a point in the appellant's opening brief results in forfeiture of the issue. *Vancura v. Katris*, 238 Ill. 2d 352, 369 (2010). In his reply brief, plaintiff asserts that he complied with Rule 341 because the FOIA allegations are dependent upon

the success of the OMA count. In other words, if we reverse the dismissal of the OMA count, we necessarily must reverse the dismissal of the FOIA counts. We disagree that this reasoning excuses plaintiff's failure to make *any* argument regarding the dismissal of the FOIA counts. Nevertheless, we decline to impose forfeiture in this instance because we must affirm the dismissal of the complaint on the basis that plaintiff has failed to give us an adequate record upon which we can review the dismissal of the complaint. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (reviewing court will presume that the trial court's order was in conformity with the law and had a sufficient factual basis where the record is insufficiently complete to support a claim of error).

¶ 35 Plaintiff's argument rests on two factual assertions about the court's findings and ruling. First, plaintiff asserts that the court "did not disagree" that there were "generalized discussions" about the public works director's position during the June 15, 2020, closed session. Second, plaintiff asserts that the court ruled that section 2(c)(1) of OMA exempts such generalized discussions. Both of these assertions are serious misrepresentations of the record.

¶ 36 On October 27, 2020, the parties appeared before the court and agreed on a briefing schedule regarding motions. Defendants then suggested that oral discovery be stayed pending the court's *in camera* review of the recording and minutes of the June 15, 2020, closed session. Plaintiff objected to staying discovery. Defendants then stated that their motion to strike paragraph 12 of the complaint was pending and that they had requested the court to review the recording and minutes of the closed session before ruling on that motion. The court stated: "Because I will need that for the hearing on November 23." Defendants' counsel replied: "That's correct, Your Honor." Plaintiff's counsel said, "It's unclear to me how that would be relevant to the motion. But we certainly, you know, would like Your Honor to review those items, as well." The court then ordered that depositions be stayed until after November 23.

¶ 37    On November 23, 2020, the matter was before the court for ruling on motions. The court granted plaintiff's motions to dismiss the affirmative defense and counterclaim. Then, the court stated: "But now if I can turn to the actual recording at issue. *** So I listened to it."

> "[THE COURT]: Okay. So three minutes into it, three minutes and forty seconds into it it goes mute. There's obviously a discussion between Council [*sic*] and somebody for the City of Elmhurst. So I can't really hear what happens in that time period. But after that time period and, again, all still in executive session, they're talking about specific people may have succession to this executive or Public Works Director position.
>
> The position—There was a hiring freeze, but the City of Elmhurst wanted to fill this specific position; and then that was the discussion. The Court—This is clearly subject to closed session. It falls within the statute. So maybe the first two minutes of that doesn't fall within the statute, but—because it's general about the actual position to be filled. But once I can hear sound again, which is at one hour, five minutes, it's clearly subject to executive session."

When plaintiff's counsel stated that the minutes, but not the recording, had been posted on the City's website, the court said, "Well, I'm telling you it's subject to closed session." Plaintiff's counsel inquired: "And does that mean that paragraph 12 of the complaint is inaccurate?" The court responded: "So I'd say for the first two minutes of [the discussion about the public works director] it would be general because all they were talking about was there's a hiring freeze in the Village, but the Village manager wanted to fill the Public Works Director position." The court added: "But after one hour and five minutes they were clearly talking about specific employees and a specific succession plan proposed possible [*sic*]. And those are—Clearly, that falls within [section] 2(c)(1). So it's subject to closed session."

¶ 38    Plaintiff's counsel then requested that the portion not subject to closed session be disclosed. The court said, "You've got two minutes" of "open discussion." Defendants then objected to giving plaintiff any relief on the merits because their motion to strike paragraph 12 of the complaint and to dimiss counts II through IV of the complaint had not been heard. The court realized that it had not addressed those matters, nor was it prepared to do so. The court continued the matter for ruling on defendants' motions and agreed that it was not ruling on the merits of plaintiff's OMA claim.

¶ 39    The parties were next before the court on January 6, 2021. Defendants argued their motion to strike paragraph 12 of the complaint and to dismiss the FOIA counts. Plaintiff responded by arguing that he was challenging the entire closed session, not only that part of it related to the public works director. "As a practical matter," plaintiff's counsel stated, "even if we took paragraph 12 out of the complaint, that doesn't change the nature of the case. We're still challenging the executive session, and it's still [defendants'] burden to prove that any topics discussed in the executive session were properly discussed there." After plaintiff's counsel orally broadened the complaint, he suggested that "what often happens in these circumstances is that judges review" everything that was discussed and determine whether anything is exempt from OMA. Then, the following occurred:

> "[THE COURT]: Okay. Well, I guess, then, let me cut to the chase, because what I did is I went back and I listened to the entire audio recording. *** I listened to the whole tape. There's nothing in that tape that violates the Open Meetings Act. Everything that was discussed falls within specifically 120/2 and (c), those exceptions where a public body can hold closed meetings to consider the following subjects. And the subjects that were considered are all subjects that fall within that exception.

So I'm dismissing the complaint. I guess in dismissing that complaint, I'm striking the allegations of count I. I would dismiss count I, it [*sic*] does not violate the Open Meetings Act. I have listened to the whole tape and counts II through IV also fall for those reasons I previously stated."

¶ 40    Plaintiff's counsel then inquired, as follows:

"[MR. BURDAY]: *** Did you—The last time we had been before Your Honor, you said that there were a couple of minutes that were talked about that were not properly subject to the closed session."

The court responded:

"[THE COURT]: I said that. And in review I went back and listened to it again. Really, they were introductory comments discussing the public works director, and I understand the specificity that is required. But the introductory comments are not—they are not something that—it would still not be subject to an exemption under the Open Meetings Act, specifically 2c, Section 2c.

*So to the extent that's what I indicated at that last hearing in November, I would reverse that because in listening to the entire discussion, and not just the entire discussion on the public works director, but the entire discussion for the closed session, there is nothing in there that would violate the Open Meetings Act.*" (Emphasis added).

The court then indicated that its order was dismissal of the complaint with prejudice.

¶ 41    The record leaves no doubt that the court found that the entire closed session did not violate OMA and that it dismissed the complaint with prejudice because the recording showed that nothing discussed in the closed session violated OMA. Therefore, plaintiff's premise—that the court ruled

that generalized discussions occurred but are nevertheless subject to closed session—is, at best, faulty.

¶ 42    Defendants contend that the dismissal of count I of the complaint should be affirmed because of the statutory privilege that they asserted in their motion to strike paragraph 12 of the complaint. This argument misses the mark because it does not address the substance of plaintiff's argument. We also do not reach this argument because the motion to strike paragraph 12 was rendered moot by the court's dismissal with prejudice of count I of the complaint. The motion to strike paragraph 12 was also rendered moot when plaintiff—without objection—essentially abandoned paragraph 12 and orally amended his complaint to include everything discussed in the June 15, 2020, closed session and then invited the court to rule on the merits of count I. Ordinarily, amended pleadings supersede prior pleadings. *Snitowsky v. NBC Subsidiary (WMAQ-TV), Inc.*, 297 Ill. App. 3d 304, 315 (1998).

¶ 43    Similarly, we need not address defendants' argument that counts II through IV of the complaint were properly dismissed because of the purported statutory privilege. The court dismissed those counts, which alleged FOIA violations, because they were dependent upon the allegations in count I. If there was no OMA violation, it follows that defendants did not violate FOIA in failing to produce the recording and minutes of the closed session.

¶ 44    Here, the court, after listening to the entire recording, found that nothing in the closed session violated OMA. We can reverse the judgment only if the court's finding was erroneous. However, plaintiff did not include the recording, or the minutes, of the June 15, 2020, closed session as part of the appellate record, so we are unable to review them to determine whether error occurred. The appellant has the burden to present a sufficiently complete record of trial proceedings to support a claim of error. *Foutch*, 99 Ill. 2d at 391. In the absence of such a record,

it will be presumed that the trial court's order was in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. Any doubts arising from the record's incompleteness will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392.

¶ 45     On January 31, 2022, plaintiff moved to supplement the appellate record with the recording of the June 15, 2020, closed session and the minutes of that session. Defendants filed objections. We denied the motion to supplement the record because briefing was completed on December 13, 2021, and the case was ready for decision. Plaintiff's tardiness in bringing the motion to supplement the record would have required us to order supplemental briefing, as neither party addressed the contents of the minutes and recording in their briefs. In *In re Marriage of Sharp*, 369 Ill. App. 3d 271, 275 (2006), this court denied a motion for leave to supplement the record with a trust after all briefing was completed and the opposing party did not argue the merits of the issue in her brief because the trust was not part of the record. We said, "[g]iven the tardiness of respondent's motion to supplement, petitioner would be unduly prejudiced." *Sharp*, 369 Ill. App. 3d at 275. "Permitting respondent to supplement the record would set a dangerous precedent for allowing piecemeal creation of the record, with supplemental briefing and rebriefing, derogating the appellate process." *Sharp*, 369 Ill. App. 3d at 275. We believe that *Sharp* is apposite. Accordingly, we affirm the court's dismissal with prejudice of plaintiff's complaint pursuant to the principles outlined in *Foutch*.

¶ 46                              B. Defendants' Cross-Appeal

¶ 47                              1. *The Affirmative Defense*

¶ 48     Defendants contend that the court improperly dismissed their affirmative defense. An "affirmative defense" is one that gives color to the plaintiff's claim but asserts new matter to defeat the plaintiff's apparent right to relief. *Hartmann Realtors v. Biffar*, 2014 IL App (5th) 130543, ¶

20. A motion to strike an affirmative defense pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)) challenges the legal sufficiency of the affirmative defense. *Biffar*, 2014 IL App (5th) 130543, ¶ 20. The grant of a motion to strike an affirmative defense is reviewed *de novo*. *Biffar*, 2014 IL App (5th) 130543, ¶ 20.

¶ 49     Here, defendants argued before the trial court that section 2.06 of OMA creates a privilege in the minutes of closed sessions, which plaintiff invaded when he downloaded the minutes of the June 15, 2020, closed session that defendants had posted. Section 206(d) provides that the public body, no less often than semi-annually, shall review the minutes of all closed meetings to determine whether the need for confidentiality still exists. Section 2.06(f) provides that minutes of closed meetings are not available to the public unless the public body has made the determination that confidentiality in such minutes no longer exists. Plaintiff moved to dismiss the affirmative defense on the ground that section 2.06 is irrelevant to whether the June 15, 2020, session was properly closed in the first instance. The court granted the motion to dismiss the affirmative defense for the reason plaintiff urged in the motion to dismiss.

¶ 50     After the court dismissed the affirmative defense, it considered defendants' motion to strike paragraph 12 of count I. However, during the argument on the motion to strike, plaintiff effectively jettisoned paragraph 12 and orally amended the complaint to include the entire closed session. Plaintiff then invited the court to rule on the merits of count I. The court found that, after listening to the recording, defendants did not violate OMA. Defendants did not object to this irregular procedure. Moreover, they benefitted from it inasmuch as the court—instead of striking paragraph 12—dismissed with prejudice the entire complaint. Even if we were to hold that the court erroneously dismissed the affirmative defense, we can grant defendants no effectual relief because we have determined that the complaint was properly dismissed with prejudice. Plaintiff cannot

revive his complaint. Therefore, the controversy over which defendants asserted the affirmative defense no longer exists. An issue is moot where no actual controversy exists or where events occur that make it impossible for us to grant effectual relief. *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 484-85 (1984).

¶ 51                                        2. *The Counterclaim*

¶ 52    Defendants sought a declaratory judgment pursuant to section 2-701 of the Code (735 ILCS 5/2-701 (West 2018)) that the City has a statutory privilege in the secrecy of minutes of a closed session, to enjoin plaintiff from future violations of the privilege, for costs, and for such further relief as the court deemed appropriate. Section 2-701(a) provides in pertinent part that the court "may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments." 735 ILCS 5/2-701(a) (West 2018). Plaintiff filed a motion to dismiss the counterclaim, without designating under which section of the Code that he brought the motion, on the ground that OMA does not allow suits by public bodies against private individuals under these circumstances. The court granted the motion to dismiss the counterclaim on that basis. We review *de novo* the dismissal of a complaint under either 2-615 or 2-619 of the Code. *Zahl v. Krupa*, 365 Ill. App. 3d 653, 658 (2006).

¶ 53    Defendants argue that (1) section 2.06 of OMA creates a privilege on behalf of a public body in the confidentiality of minutes of closed meetings and (2) section 3(a) of OMA (5 ILCS 120/3(a) (West 2018)) creates a cause of action on behalf of a public body against a citizen for violation of that privilege. However, we do not reach the issues raised because the counterclaim was rendered moot by the dismissal with prejudice of plaintiff's complaint. After the court dismissed the entire complaint with prejudice, it indicated that it would not order plaintiff to return to the City the minutes of the June 15, 2020, closed session that he had downloaded. Counsel for

the City seemed to agree when he said, "I think the cat's out of the bag, Your Honor." Counsel then expressed concern that plaintiff would violate OMA in the future, but the court noted that the correct procedure in the future would be for the court to listen to any recording and make a determination then whether OMA was violated. Generally, reviewing courts will not decide moot questions, render advisory opinions, or consider issues where the result would not be affected regardless of how those issues are determined. *Commonwealth Edison Co. v. Illinois Commerce Com'n*, 2016 IL 118129, ¶ 10. Here, after the complaint's dismissal with prejudice, which we affirm, there is no controversy before us. The only issue would be plaintiff's imagined future violations. To have an actual controversy for purposes of a declaratory judgment, a party must demonstrate that the underlying facts and issues are not moot or premature, so as to require the court to decide mere abstract propositions of law, render advisory opinions, or give legal advice as to future events. *AEH Construction, Inc. v. Department of Labor*, 318 Ill. App. 3d 1158, 1161 (2001). Accordingly, we dismiss defendants' cross-appeal as moot.

¶ 54                                III. CONCLUSION

¶ 55    For the foregoing reasons, as to plaintiff's appeal, the judgment of the circuit court of Du Page County is affirmed. We dismiss the cross-appeal as moot.

¶ 56    Appeal, affirmed; cross-appeal, dismissed.