2022 IL App (1st) 180536-U

No. 1-18-0536

Second Division
March 15, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

|  |  |  |
|---|---|---|
| | ) | Appeal from the |
| *In re* MARRIAGE OF JOSE LUIS MEDINA, | ) | Circuit Court of |
| | ) | Cook County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 15 D 502 |
| | ) | |
| JOSEFINA MEDINA, | ) | |
| | ) | Honorable |
| Respondent (Jan Kowalski, Additional | ) | Mark Lopez |
| Party Respondent-Appellant). | ) | Judge, presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Justices Howse and Lavin concurred in the judgment.

**ORDER**

¶ 1   *Held*: Where the circuit court issued a body attachment, but neither entered a judgment of contempt nor imposed a penalty, this court lacks jurisdiction to consider this appeal.

¶ 2     This appeal stems from the circuit court's order entering a body attachment against Jan Kowalski,[1] former counsel for respondent, Josefina Medina. On March 31, 2017, Kowalski began representing Josefina in dissolution of marriage proceedings between Josefina and petitioner, Jose Luis Medina. Kowalski represented Josefina until December 12, 2017, when attorney Amy Richards was appointed as "additional counsel" for Josefina. On December 20, 2017, the circuit court entered an order removing Kowalski as attorney of record for Josefina for failing to appear and directing Kowalski to turn over Josefina's client file to Richards. Josefina filed a motion for continuance of trial date and closure of discovery (motion for continuance), detailing numerous unsuccessful attempts by Richards to acquire the client file. On January 29, 2018, the court ordered Kowalski to appear in court on February 1, 2018, to turn over Josefina's file and if she did not, a body attachment would be entered. Kowalski failed to appear, and a body attachment order was entered. On February 23, 2018, the body attachment was executed against Kowalski and, ultimately, she was committed to the custody of the sheriff. Kowalski now appeals, essentially arguing that the circuit court abused its discretion by: (1) issuing a body attachment without providing her with notice and an opportunity to be heard; and (2) committing her to the custody of the sheriff long after judgment in the underlying dissolution of marriage proceedings was entered.[2] For the following reasons, we dismiss this appeal.

¶ 3                                    I. BACKGROUND

---

[1] The Attorney Registration and Discipline Commission records reveal that Kowalski was suspended from the practice of law as of February 26, 2021.

[2] This is the second time Kowalski has been before this court. Previously, Kowalski appealed from the circuit court's orders entering sanctions against her, which we affirmed. See *In re Marriage of Medina*, 2019 IL App (1st) 180850-U.

¶ 4     As an initial matter, we note that the record on appeal contains only the common law record. Kowalski, as appellant, did not file a transcript, bystander's report, or agreed statement of facts of the proceedings below. See Ill. S. Ct. R. 323 (eff. July 1, 2017); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984) ("[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial[.]"). However, the common law record contains extensive pleadings filed by the parties as well as the circuit court's written orders. As such, we set forth the pertinent facts gleaned from the common law record. Because notice is at issue in this case, we note whether Kowalski's presence was referenced in each court order.

¶ 5     On January 22, 2015, Jose filed a petition to dissolve his marriage to Josefina. On March 31, 2017, Kowalski filed an appearance on behalf of Josefina.

¶ 6     On December 4, 2017, the matter was set for a status hearing on Josefina's compliance with the entry of bond (regarding a matter not relevant here) earlier set by the court. The court's order indicated that Josefina was present, but that "respondent's attorney" failed to appear by 11:00 a.m. The matter was then continued for status to December 11, 2017 at 9:30 a.m.

¶ 7     On December 11, 2017, court was convened for status. According to one of the orders entered on that date, Josefina was present, but "counsel for respondent" had not appeared in court for the hearing by 10:45 a.m. The court then set the matter for status for December 12, 2017 at 9:30 a.m. An additional order entered by the court on December 11, 2017, regarding the release of Josefina's bond (regarding a matter not related to this appeal), stated that "respondent's attorney" appeared.

¶ 8     On December 12, 2017 the court convened for status. The court's order indicated that "Josefina's attorney of record Jan Kowalski failed to appear on behalf of her client on status dates of 12/4 and 12/11." The order additionally stated that "Petitioner's Attorney and Jan Kowalski

appearing (current attorney of record) but not present when case called at 11:35 a.m." An additional order entered on that same date, reflected that Josefina represented to the court that she had had no contact with Kowalski since she first appeared on November 27, 2017. The order further indicated that Kowalski had checked in for the hearing on behalf of her client at 9:30 a.m., went to another courtroom, and "did not return to room 3005 at the time this order was entered at 11:55 a.m." The order also indicated that Josefina was given the opportunity to continue to have Kowalski represent her. In a separate order entered that same date, Ann Richards was appointed as "additional counsel" and the matter was continued for trial to December 20, 2017 at 9:30 a.m.

¶ 9    On December 20, 2017, Richards appeared in court on behalf of Josefina. Kowalski was not present. Josefina represented to the court that she had called and visited Kowalski's office but received no response. Kowalski, having failed to appear as of 10:35 a.m., was removed as Josefina's attorney of record on the court's own motion and was ordered to turn over Josefina's case file to Richards.

¶ 10    On January 18, 2018, Richards, as Josefina's attorney of record, filed a motion for continuance of trial, detailing her numerous unsuccessful attempts to acquire Kowalski's client file and noting that the court's December 20, 2017 order was sent to Kowalski (though certificate of the service is not in the record before us).[3]

¶ 11    On January 29, 2018, the matter coming to be heard on the motion for continuance, the court ordered Kowalski to appear in court on February 1, 2018, to turn over Josefina's file and if

---

[3] The appendix to Kowalski's brief on appeal includes e-mail correspondence between Richards and Kowalski that shows Richards' attempts to obtain the file. However, the e-mails are not contained in the record before us, and only appear in the appendix of Kowalski's brief. Generally, materials not taken from the record may not be placed before us in an appendix. See *Oruta v. B.E.W.*, 2016 IL App (1st) 152735, ¶ 32 (documents that are included in the appellant's appendix but not in the record on appeal must be disregarded).

she did not, a body attachment would be entered. When Kowalski failed to appear on that day, the court entered a series of orders, on the court's own motion, naming Kowalski as a third party in the case "for the limited purpose of administratively allowing the sheriff's department to issue the body attachment." The body attachment order specifically stated that Kowalski "failed to appear" with Josefina's court file on February 1, 2018 despite "[p]roper notice [having] been served." The order further stated that if Kowalski was taken into custody, she may be released after depositing $1,000 escrow with the sheriff or the court and providing Josefina's court file. "All pending motions [were] entered and continued to February 13, 2018."

¶ 12    On February 13, 2018, the court entered a judgment of dissolution of marriage.

¶ 13    On February 23, 2018, the matter was before the court "on the return of a Body Attachment Order entered earlier by the Court" and "per [the] January 29, 2018 court order requiring third party [Kowalski] to personally appear with [Josefina's] court file." The court's February 23, 2018 order "remanded [Kowalski] to the custody of the Sheriff of Cook County" until a cash bond of $1,000 was paid. Additionally, the order stated that Kowalski was to be given reasonable phone calls to obtain the bond. And, finally, the order again stated that Kowalski was to "turn over" Josefina's case file to the court. The order does not state whether Kowalski was present in court on that date; however, Kowalski, in her brief, states that she was brought before the court.

¶ 14    On March 12, 2018, Kowalski appealed from the court's February 23, 2018 order and "all orders in the procedural progression leading up to [the] order."

¶ 15    On April 16, 2018, Kowalski received a notice and petition for turnover of bond from Jose's counsel. The petition stated that on February 15, 2018, an order was entered against Kowalski for sanctions in the amount of $11,427.50 and in favor of the firm representing Jose. The petition noted that a body attachment was issued against Kowalski on February 1, 2018, and

that on February 23, 2018, Kowalski paid bond in the amount of $1,000, which was held by the clerk of the circuit court of Cook County. The petition requested that the firm be permitted to recover or that the $1,000 bond amount be turned over as an initial payment towards the sanctions judgment.[4]

¶ 16    On September 26, 2018, this court entered an order taking the case for consideration on the record and Kowalski's brief only. In her brief, Kowalski asserts that her appeal is brought "pursuant to Supreme Court Rules 301 and 304(b)(5) as an appeal of the February 23, 2018 Commitment Order which committed Attorney Kowalski to the custody of the Sheriff of Cook County until a $1,000 cash bond is posted and requiring her to tender her former client's file to the court."

¶ 17                                    II. ANALYSIS

¶ 18    As a preliminary matter, we note that no party to the litigation initiated contempt proceedings against Kowalski.  Although Josefina filed a motion for continuance of trial, in which she detailed attempts at retrieving the court file, she did not seek a finding of contempt against Kowalski.  Instead, the circuit court named Kowalski as a third party for the sole purpose of issuing a body attachment and having done so, *sua sponte* issued a body attachment for Kowalski for her failure to appear and to tender the client file. As such, no response brief has been filed in this matter. However, the record on appeal is simple and the claimed errors are clear and readily decidable. Thus, unavailability of an appellee's brief stands as no impediment to our review. See *First Capitol Mortg. Corp. v. Talandis Const. Corp.*, 63 Ill. 2d 128, 133 (1976).

---

[4] The record does not include any subsequent order entered by the court with respect to this petition or the final disposition of the cash bond.

¶ 19    On appeal, Kowalski argues that the circuit court abused its discretion in issuing an *ex parte* body attachment without notice and an opportunity to be heard and in "jailing" her after entry of judgment for dissolution of marriage. She contends that she was held in indirect criminal contempt without first being afforded the procedural rights given to individuals charged with such contempt.

¶ 20    In Illinois, the procedure for the issuance of a body attachment is defined in the Code of Civil Procedure (Code). 735 ILCS 5/12-107.5(a) (West 2018). Pursuant to the Code, "[n]o order of body attachment or other civil order for the incarceration or detention of a natural person respondent to answer for a charge of indirect civil contempt shall issue unless the respondent has first had an opportunity, after personal service *** to appear in court to show cause why the respondent should not be held in contempt." 735 ILCS 5/12-107.5(a) (West 2018). The Code further provides that notice to the respondent shall be an order to show cause. *Id.* § 12-107.5(b).

¶ 21    Before proceeding further, we must determine whether we have jurisdiction to review Kowalski's claims. Should we determine that jurisdiction is lacking, we may not proceed and must, instead, dismiss Kowalski's appeal. *Vowell v. Pedersen*, 315 Ill. App. 3d 665, 667 (2000) (appellate court has a duty to dismiss an appeal if jurisdiction is lacking).

¶ 22    In her jurisdictional statement, Kowalski asserts that jurisdiction is pursuant to Illinois Supreme Court Rules 301 and 304(b)(5). Rule 301 provides that "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S.Ct. R. 301 (eff. Feb. 1, 1994). "A final order or judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely the rights of the parties to the litigation." *Hartford Fire Insurance Co., v. Whitehall Convalescent & Nursing Home, Inc.*, 321 Ill. App. 3d 879, 885 (2001). Rule 304 governs appeals from final judgments that do not dispose of an entire proceeding. Ill. S.Ct. R. 304 (eff. Mar. 8, 2016). Paragraph (b) of the rule identifies select judgments and orders appealable

without the special finding required for appeals covered under paragraph (a) of the rule. Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016). Specifically, section (b)(5) permits appeal of "an order finding a person or entity in contempt of court and imposes a monetary or other penalty. Ill. S.Ct. R. 304 (b)(5) (eff. Mar. 8, 2016); see also *Vowell*, 315 Ill. App. 3d at 666 ("In order for this court to assume jurisdiction, the contempt order must impose sanctions of some kind upon the contemnor."). It is the imposition of the penalty that is final and appealable. *Vowell*, 315 Ill. App. 3d at 666.

¶ 23    In the case before us, the record includes a copy of the court's body attachment order. We do not find included, however, any record that the court actually entered a judgment of contempt for what can clearly be regarded as Kowalski's contumacious conduct. Thus, our initial inquiry is whether a body attachment, standing alone, constitutes a contempt finding. We conclude that it does not. See also *Atwater v. Atwater*, 35 Ill App. 2d 382 (1962) (order for writ of attachment directing sheriff to bring wife before the court to purge herself of contempt for not having complied with a prior order of the court was not a determination that the wife was guilty of contempt).

¶ 24    We next consider whether a body attachment is, nevertheless, a final order such that this appeal falls within the purview of either Rule 301, as a final judgment, or Rule 304(b)(5), as an interlocutory appeal. Like a rule to show cause, "[a] writ of body attachment [is] merely [a] means by which to bring [an] alleged contemnor before the court when the failure to comply with an order of the court is the alleged contemptuous behavior." *Revolution v. Portfolio*, *LLC v. Beale*, 341 Ill. App. 3d 1021, 1026 (2003) (citing *In re Marriage of Rizza*, 237 Ill. App. 3d 83, 87 (1992)). Such orders are not final but are instead interlocutory in nature and character. *Id.* at 1026; see also *Neiman v. Neiman*, 327 Ill. App. 411 (1945) (an order directing attachment to issue for the arrest of the husband for failure to comply with court order was merely a process to arrest the body of

the husband to be brought before the court to show cause why he should not be punished for contempt was not a "final order" from which an appeal would lie); *Atwater*, 35 Ill. App. 2d 382 (writ of attachment was only a preliminary order and was not appealable). Because a body attachment is not a final order, jurisdiction in our court is not vested under Rule 301.

¶ 25    Absent a specific Illinois Supreme Court Rule authorizing an appeal from a non-final order, the appellate court lacks jurisdiction to review the non-final order. *National Freight Inc.*, 2021 IL 123730, ¶ 20 (quoting *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 22). Rule 304(b) (5), upon which Kowalski relies, permits an interlocutory appeal of an order finding an individual in contempt and imposes a monetary or other penalty. Ill. S.Ct. R. 304(b)(5) (eff. Mar. 8, 2016). As we have stated, no order of contempt appears in the record. Further, even were we to find that the court in fact found Kowalski guilty of contempt, because the court did not impose a sanction, Rule 304(b)(5) does not provide a basis for this court's jurisdiction to consider her appeal. See *Vowell*, 315 Ill. App. 3d at 666 (2000) (a contempt finding alone is insufficient to vest jurisdiction in the appellate court; the contempt order must impose sanctions of some kind). "These are the final steps in a contempt proceeding, from which an appeal may be taken. What occurs before these final steps is interlocutory and not appealable." *Bulandr v. Bulandr*, 23 Ill. App. 2d 299, 301 (1959) (citing *Flaningam v. Flaningam*, 331 Ill. App 418 (1947), and *McEwen v. McEwen* 55 Ill App. 340 (1894)).

¶ 26    To the extent that Kowalski argues that the court's order to post bond was punitive, we would disagree. A "recognizance bond" in the amount of $1,000 is permitted by statute. See 735 ILCS 5/12-107.5(d) (West 2018). The circuit court instructed Kowalski to pay the bond amount to the court or the clerk of the circuit court. The record does not indicate that the clerk was then

instructed to disperse the funds or to otherwise dispose of them. The bond was not punitive in nature but, rather, served simply as a means to secure future compliance with the court's orders.

¶ 27                                  III.  CONCLUSION

¶ 28    In this case, the trial court issued a body attachment for Kowalski's failure to appear in court. No judgment finding Kowalski in contempt and imposing a penalty occurred.  Accordingly, because the body attachment is neither a final appealable order under Rule 301 nor a permissible interlocutory appeal under Rule 304(b)(5), we lack jurisdiction to proceed. However, in the event that disposition of the cash bond has not been finally resolved, we note in passing that if the order appealed from is not final and appealable, the notice of appeal neither vests the appellate court with jurisdiction to review nor does it deprive the trial court of jurisdiction to proceed with the case. *Welch v City of Evanston,* 181 Ill. App. 3d 49, 55 (1989) (citing *King City Federal Savings & Loan Association v. Ison,* 80 Ill. App. 3d 900 (1980)). Further, even where the trial court is divested of jurisdiction due to the filing of the notice of appeal, the trial court nevertheless retains jurisdiction to decide matters that are independent of or collateral or incidental to the judgment. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173-174 (2011). For the reasons stated, this appeal is dismissed.

¶ 29    Appeal dismissed.