MAXINE VOWELL *et al.*, Plaintiffs-Appellants, v. MARSHALL E. PEDERSEN *et al.*, Defendants-Appellees (Barth H. Goldberg, Contemnor-Appellant).

Second District   No. 2—99—0805

Opinion filed August 1, 2000.

Barth H. Goldberg and Ian R. Alexander, both of Goldberg & Goldberg, and David A. Novoselsky and Alicia Brumbach Perrone, both of David A. Novoselsky & Associates, of Chicago, for appellants.

Steven L. Larson and John A. Terselic, both of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellees Marshall E. Pedersen and Fox Valley Neurosurgery, Ltd.

JUSTICE GALASSO delivered the opinion of the court:

The plaintiffs, Maxine and Tony Vowell, and their attorney, the contemnor, Barth H. Goldberg, appeal from an order of the circuit court of Lake County holding Mr. Goldberg in contempt for refusing to comply with the circuit court's order to turn over to defendants Dr. Marshall Pedersen (also appearing in the record as Pederson) and Fox Valley Neurosurgery, Ltd., the records of Dr. Steven Lammers, a psychologist who treated Maxine.

Even where no party raises the question, a reviewing court has a duty to consider *sua sponte* its jurisdiction. *Cashmore v. Builders Square, Inc.*, 207 Ill. App. 3d 267, 269 (1990). For the reasons hereinafter set forth, we dismiss the appeal for lack of jurisdiction.

In their jurisdictional statement, the plaintiffs state that this

court has jurisdiction pursuant to Supreme Court Rules 301 through 304. 134 Ill. 2d R. 302; 155 Ill. 2d Rs. 301, 303, 304. They further cite *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205 (1994), as additional authority in support of this court's jurisdiction. Unfortunately for the plaintiffs in this case, neither the case nor the rules cited provide this court with jurisdiction to hear this appeal.

In this case, Mr. Goldberg requested that the trial court hold him in contempt in order to have this court review the order requiring the turnover of Maxine's psychological records to the defendants. The following colloquy ensued:

> "THE COURT: Okay. Well, then, I will find you in technical contempt. Give me an order of contempt so that this case can wind its way immediately to the 2nd District, and, of course, that will delay this case for about a year. So be it.
>
> * * *
>
> MR. GOLDBERG: Any specific language you want in the order?
>
> * * *
>
> THE COURT: Rather than have the records produced, it is hereby ordered that—whatever counsel's name is—hereby be and hereby is held to be in contempt, and that gets you to the appellate court."

Contrary to the trial court's belief, an order merely holding an individual in contempt is insufficient to give this court jurisdiction over an appeal from such an order. In order for this court to assume jurisdiction, the contempt order must impose sanctions of some kind upon the contemnor. See 155 Ill. 2d R. 304(b)(5). It is the imposition of the sanction that is final and appealable. *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 172 (1981). The order in this case merely provided that the attorney was held in contempt. No sanction was imposed. Therefore, the contempt order in this case is not final and appealable.

■ The purpose of the jurisdictional statement required by Supreme Court Rule 341(e)(4)(ii) (177 Ill. 2d R. 341(e)(4)(ii)) is not merely to tell the court that it has jurisdiction. *In re Marriage of Ruchala*, 208 Ill. App. 3d 971, 976 (1991). Instead, the jurisdictional statement requirement was intended to provoke counsel to make an independent determination of the right to appeal before writing the brief. *Ruchala*, 208 Ill. App. 3d at 976.

■ This case illustrates the necessity of giving more than lip service to the requirement of providing the reviewing court with a jurisdictional statement; had counsel in this case focused on the specific supreme court rule supporting jurisdiction in appeals from contempt orders, namely, Rule 304(b)(5) (155 Ill. 2d R. 304(b)(5)), the necessity that the order appealed from contain a sanction in addition

to the finding of contempt would have been patently obvious. Moreover, a careful reading of *Almgren* would have also alerted counsel to the omission. See *Almgren*, 162 Ill. 2d at 204-05. Finally, we must comment that a contributing factor to this scenario is the somewhat casual approach to the drafting of the contempt order by both the trial court and counsel.

It is most unfortunate when a court finds itself forced to dismiss appeals without reaching the merits because of jurisdictional defects. However, we have a duty as an appellate court to dismiss an appeal if jurisdiction is wanting. *Cashmore*, 207 Ill. App. 3d at 269.

Appeal dismissed.

BOWMAN, P.J., and RAPP, J., concur.