REVOLUTION PORTFOLIO, LLC, Plaintiff-Appellee, v. JOSEPH S. BEALE, Defendant-Appellant.

First District (3rd Division)   No. 1—01—4387

Opinion filed June 30, 2003.

HOFFMAN, J., dissenting.

Alan Zenoff, of Zenoff & Zenoff, Chtrd., of Chicago, for appellant.

David M. Giangrossi and Jeffrey R. Rosenberg, both of Schuyler, Roche & Zwinger, of Chicago, for appellee.

JUSTICE HALL delivered the opinion of the court:

The defendant, Joseph S. Beale, appeals from orders of the circuit court of Cook County holding the defendant in contempt for failing to submit to an examination pursuant to a citation to discover assets, denying the defendant's motion to quash the citation and lifting the stay of a writ of body attachment.

On appeal, the defendant contends that the circuit court lacked personal jurisdiction over him because the citation to discover assets was served on his attorneys. As a result, he maintains that the orders holding him in contempt and issuing a writ of body attachment are void.

The following facts are undisputed and are pertinent to our review. The plaintiff revived a Florida judgment against the defendant in Illinois.[1] The plaintiff then issued a citation to discover assets (the citation) to the defendant which was returnable on August 15, 2001. The citation was served on the law firm of Gould & Ratner, attorneys who had represented the defendant. On August 14, 2001, one day

---

[1]Details relating to the judgment and its revival in Illinois are found in this court's opinion in *Revolution Portfolio, LLC v. Beale*, 332 Ill. App. 3d 595, 774 N.E.2d 14 (2002).

prior to the return date of the citation, the circuit court issued a rule to show cause as to why the defendant should not be held in contempt of court for failing to appear on August 14, 2001, and respond to the citation. On September 10, 2001, the circuit court entered an order allowing the sheriff of Cook County to serve the rule to show cause by leaving a copy of the rule with the doorman or concierge of the defendant's residence and mailing a copy to the defendant. According to the record on appeal, service of the rule on the concierge of the defendant's residence was made on September 26, 2001, and a copy of the rule was mailed to the defendant on the same date.

On October 4, 2001, the defendant failed to appear. The circuit court entered an order holding the defendant in contempt of court and issued a writ of body attachment with bond set at $3,000. On October 11, 2001, the defendant filed a motion to vacate the rule to show cause and the contempt order and to quash and to stay the enforcement of the writ of body attachment. On October 18, 2001, the circuit court stayed the writ of body attachment until November 7, 2001.

On November 7, 2001, the circuit court denied the defendant's motion to quash and lifted the stay of the writ of body attachment.

On December 5, 2001, the defendant filed his notice of appeal from the circuit court's orders of October 4, 2001, finding him in contempt and November 7, 2001, denying the motion to quash and lifting the stay of the writ of body attachment.

At the outset, the plaintiff requests that it be allowed to refer to "relevant matters which occurred after [the defendant] filed this appeal and are thus not shown in the record on appeal." The plaintiff asserts that the defendant appeared in court on January 10, 2002, in response to a letter from the sheriff indicating that he would be arrested unless he appeared voluntarily on the body attachment. The plaintiff further asserts that the defendant complied with the circuit court's January 10, 2002, order that he appear on February 1, 2002, for his examination and production of documents. The plaintiff has included a copy of the circuit court's January 10, 2002, order as well as a copy of the transcript of the proceedings on August 14, 2001. The plaintiff did not move to supplement the record with these documents.

■ Attachments to briefs not included in the record on appeal are not properly before the reviewing court and cannot be used to supplement the record. *Carroll v. Faust*, 311 Ill. App. 3d 679, 683, 725 N.E.2d 764, 768 (2000). We will therefore not consider the events that occurred after the filing of the notice of appeal in this case or the references to either the January 10, 2002, order or the August 14, 2001, report of proceedings in our disposition of this case.

■ Although neither party has raised the question of this court's

jurisdiction, a reviewing court has a duty to consider *sua sponte* its jurisdiction. *Vowell v. Pedersen*, 315 Ill. App. 3d 665, 665, 734 N.E.2d 169, 170 (2000). We have a duty as an appellate court to dismiss an appeal if jurisdiction is wanting. *Vowell*, 315 Ill. App. 3d at 667, 734 N.E.2d at 171.

The law is well settled that a void order or judgment can be attacked at any time or in any court, in either a direct or collateral proceeding. *JoJan Corp. v. Brent*, 307 Ill. App. 3d 496, 502, 718 N.E.2d 539, 544 (1999). Instead of originating under any specific provision of the Code of Civil Procedure, a motion for relief from a void order or judgment arises from the inherent powers of the court to expunge void acts from its records. *JoJan Corp.*, 307 Ill. App. 3d at 502, 718 N.E.2d at 544. However, jurisdiction is not vested with the reviewing court merely because an order or judgment is, or is alleged to be, void, and compliance with the rules governing appeals is necessary before a reviewing court may properly consider an appeal from a judgment or order that is, or is asserted to be, void. *JoJan Corp.*, 307 Ill. App. 3d at 504, 718 N.E.2d at 545-46.

■ In his jurisdictional statement, the defendant asserts that this court has jurisdiction pursuant to Supreme Court Rule 304(b)(5) (155 Ill. 2d R. 304(b)(5)). Rule 304(b)(5) provides as follows:

"The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:[2]

\* \* \*

(5) An order finding a person or entity in contempt of court which imposes a monetary or other penalty." 155 Ill. 2d R. 304(b)(5).

In this case, the defendant was held in contempt of court on October 4, 2001, and the circuit court issued a writ of body attachment. On October 11, 2001, the defendant filed his motions to vacate and quash, which were denied. The notice of appeal in this case was filed on December 5, 2001.

Under Rule 304(b)(5), an order finding a person in contempt and imposing a monetary or other penalty is immediately appealable. *Longo v. Globe Auto Recycling, Inc.*, 318 Ill. App. 3d 1028, 1036, 743 N.E.2d 667, 673 (2001). The time for appealing Rule 304(b) orders is mandatory, not optional. *Longo*, 318 Ill. App. 3d at 1036, 743 N.E.2d at 673. Contempt citations along with all other orders falling within the scope of Rule 304(b) must be appealed within 30 days of their entry or be barred. *Longo*, 318 Ill. App. 3d at 1036, 743 N.E.2d at 673.

---

[2]The court must make an express written finding that there is no just reason for delaying either enforcement or appeal or both. 155 Ill. 2d R. 304(a).

However, in order for the appellate court to assume jurisdiction, the contempt order must impose sanctions of some kind upon the contemnor. *Vowell*, 315 Ill. App. 3d at 666, 734 N.E.2d at 171; 155 Ill. 2d R. 304(b)(5). It is the imposition of the sanction that is final and appealable. *Vowell*, 315 Ill. App. 3d at 666, 734 N.E.2d at 171.

■ In this case, no sanction was imposed. While the circuit court issued a writ of attachment, both a rule to show cause and a writ of attachment are merely means by which to bring the alleged contemnor before the court when the failure to comply with an order of the court is the alleged contemptuous behavior. *In re Marriage of Rizza*, 237 Ill. App. 3d 83, 87, 603 N.E.2d 134, 138 (1992).

■ Thus, the defendant's failure to appeal the contempt citation within 30 days of its entry would not bar his appeal because the contempt order was not final for purposes of appeal.[3] Nonetheless, in the absence of the imposition of a sanction, the contempt order remains nonfinal and unappealable.

Since the circuit court's order holding the defendant in contempt did not impose a sanction, Rule 304(b)(5) does not provide a basis for this court's jurisdiction to consider the defendant's appeal. However, that does not end our jurisdictional inquiry, since the defendant also appealed from the denial of his motion to quash and the lifting of the stay of the writ of body attachment.

■ Attachment is a legal process that seizes and holds the property of the defendant until the rights of the parties are determined in the principal suit. *Old Kent Bank v. Stoller*, 254 Ill. App. 3d 1085, 1092, 627 N.E.2d 265, 269 (1993). Thus, such orders are interlocutory in nature and character and, because they do not completely dispose of any claim or terminate the litigation between the parties, are generally nonfinal and nonappealable. *Stoller*, 254 Ill. App. 3d at 1092, 627 N.E.2d at 269. The fact that in this case it was the defendant who was ordered seized does not affect the applicability of the above analysis.

■ Nevertheless, prejudgment attachment is essentially a separate and distinct action that takes place within the context of the underlying action. *Stoller*, 254 Ill. App. 3d at 1092, 627 N.E.2d at 269. There can be no meaningful relief from an order concerning prejudgment at-

---

[3]We do not need to reach the question of whether the defendant's motion to vacate and quash was a posttrial motion for purposes of the timeliness of the defendant's notice of appeal. But see *Longo*, 318 Ill. App. 3d at 1036, 743 N.E.2d at 673 (a posttrial motion directed at the judgment in the case in which the attempt arose does not serve to extend the trial court's jurisdiction over the contempt order or delay the time in which party must appeal the contempt order).

tachment if appeal before final judgment was not available. *Stoller*, 254 Ill. App. 3d at 1092, 627 N.E.2d at 269. Therefore, a decision granting or denying a motion to quash an attachment order that was previously entered must be considered final for purposes of Rule 304(a). *Stoller*, 254 Ill. App. 3d at 1092, 627 N.E.2d at 269.

■ The circuit court, however, did not make a Rule 304(a) finding in this case. Therefore, that portion of the order of November 7, 2001, denying the defendant's motion to quash the writ of body attachment is not appealable at the present time. Nonetheless, we note that the November 7, 2001, order also lifted the stay of the writ of body attachment.

■ Although not contained in his jurisdictional statement, in his notice of appeal, the defendant stated that his appeal was also brought pursuant to Supreme Court Rule 307 (188 Ill. 2d R. 307). Rule 307 provides in pertinent part as follows:

"An appeal may be taken to the Appellate Court from an interlocutory order of court:
(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 188 Ill. 2d R. 307(a)(1).

Courts have treated the denial of a motion to stay as a denial of a request for a preliminary injunction. *Lundy v. Farmers Group, Inc.*, 322 Ill. App. 3d 214, 216, 750 N.E.2d 314, 316 (2001).

■ The defendant neither designated his appeal as an interlocutory appeal nor attempted to comply with the filing requirements of Rule 307. See 188 Ill. 2d Rs. 307(a), (c). We will treat the appeal from the lifting of the stay of the writ of body attachment as a Rule 307 appeal.

■ The only question a reviewing court must decide in an interlocutory appeal is whether there was a sufficient showing to sustain the trial court's order granting or denying the relief sought. *Lundy*, 322 Ill. App. 3d at 218, 750 N.E.2d at 318. An appeal pursuant to Rule 307 may not be used as a vehicle to determine the merits of a plaintiff's case. *Keefe-Shea Joint Venture, Inc. v. City of Evanston*, 332 Ill. App. 3d 163, 168, 773 N.E.2d 1155, 1160 (2002).

■ In this case, the circuit court lifted the stay of the writ of body attachment in conjunction with its denial of the defendant's motion to quash the writ. Neither the contempt finding nor the denial of the motion to quash the writ of body attachment is appealable at the present time. Since under Rule 307 we may not address the merits of the case, *i.e.*, whether the proceedings in this case are void for lack of personal jurisdiction, we find it logical that, having denied the motion to quash the writ of body attachment, the circuit court lifted the stay on the writ. Therefore, we determine that the circuit court did not err in lifting the stay of the writ of body attachment.

In sum, we conclude that the October 4, 2001, order holding the defendant in contempt of court is not final for purposes of appeal in the absence of the imposition of a sanction. We further conclude that the portion of the November 7, 2001, order denying the defendant's motion to quash the writ of body attachment is not appealable in the absence of a Rule 304(a) finding. Therefore, the appeal as to those orders must be dismissed.

Finally, we conclude that the portion of the November 7, 2001, order lifting the stay of the writ of body attachment is appealable pursuant to Rule 307, and we affirm that portion of the circuit court's order.

The judgment of the circuit court is affirmed in part and the appeal is dismissed in part.

Affirmed in part and dismissed in part.

WOLFSON, J., concurs.

JUSTICE HOFFMAN, dissenting:

Once our jurisdiction has been invoked, as the majority finds that it has been in this case, I believe that we may, and should, address the trial court's jurisdiction. Because I believe that the trial court lacked jurisdiction to enter the attachment underlying the motion for a stay which is the subject of this appeal, I must respectfully dissent.

The majority is correct in its statement that, on review of an interlocutory order pursuant to Supreme Court Rule 307 (188 Ill. 2d R. 307)), the merits of the underlying case are not at issue. *Scott v. Assurance Co. of America*, 253 Ill. App. 3d 813, 814, 625 N.E.2d 439 (1993). However, the majority's reliance upon this general rule in declining to address the question of the trial court's jurisdiction in this matter is misplaced. First, contrary to the majority's assertion, the issue of a court's jurisdiction over the person of a party does not go to the merits of the controversy. Second, to the extent necessary, an appellate court may consider substantive issues when reviewing the propriety of an interlocutory order in order to determine whether the trial court acted within its authority. *In re Lawrence M.*, 172 Ill. 2d 523, 526, 670 N.E.2d 710 (1996). Third, an order entered by a court which fails to acquire jurisdiction over a party may be attacked and vacated at any time or in any court. *Morey Fish Co. v. Rymer Foods, Inc.*, 158 Ill. 2d 179, 186-87, 632 N.E.2d 1020 (1994). Fourth, an appellate court is obligated not only to examine its own jurisdiction, but also to take notice of matters that go to the jurisdiction of the circuit court. See *Eastern v. Canty*, 75 Ill. 2d 566, 570, 389 N.E.2d 1160 (1979).

Supreme Court Rule 277 provides that a supplementary proceeding is commenced by service of a citation upon the party against whom it is brought. 134 Ill. 2d R. 277(b). The citation is required to be served and returned "in the manner provided by rule for service, otherwise than by publication, of a notice of additional relief upon a party in default." 134 Ill. 2d R. 277(c). Supreme Court Rule 105, which provides for service of a notice of additional relief upon a party in default, sets forth two means by which a citation may be served; namely: (1) "any method provided by law for service of summons, either within or without this State"; and (2) "prepaid certified or registered mail addressed to the party, return receipt requested, showing to whom delivered and the date and address of delivery." 134 Ill. 2d R. 105.

Absent waiver of service, a court can only acquire jurisdiction over the person of a party by service of process in the manner directed by statute or supreme court rule. See *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308, 497 N.E.2d 1156 (1986). In this case, Joseph S. Beale was not served with the citation by any means authorized by Rule 105, nor did he waive that service. Rather, the citation was served upon his then former attorneys. As a consequence, I believe that the circuit court lacked jurisdiction to enter the attachment which was the subject of Beale's motion for a stay. Unlike the majority, I do not believe that the propriety of the trial court's denial of Beale's motion for stay can be addressed without first addressing the trial court's authority to enter the underlying attachment.

Based on the foregoing analysis, I would reverse the circuit court's order denying Beale's motion for a stay and vacate the underlying attachment.