2020 IL App (1st) 191226-U

No. 1-19-1226

Order filed December 30, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JEANETTE LIPINSKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 OP 60548 |
| | ) | |
| ALONSO CASTANEDA, | ) | Honorable |
| | ) | Tiana Blakely, |
| Respondent-Appellee. | ) | Judge, presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Circuit court's judgment vacating a stalking no contact order is affirmed where petitioner failed to provide a sufficient record to show that the court erred in entering judgment.

¶ 2    Petitioner Jeanette Lipinski appeals *pro se* from an order of the circuit court of Cook County vacating a stalking no contact order previously issued against respondent Alonso Castaneda. On appeal, petitioner contends that the circuit court abused its power, engaged in judicial misconduct, was unethical, not impartial, and did not allow petitioner to present her

complete case. Petitioner argues that she was denied due process of law where the court "coached" respondent during the hearing, respondent committed perjury, and the judgment was based on respondent's "hearsay" rather than the facts of the case. In addition, petitioner claims the hearing transcript contains numerous errors. We affirm.

¶ 3    Documents in the record show that on May 24, 2019, petitioner filed a *pro se* petition for an emergency stalking no contact order against respondent, her next-door neighbor. The petition detailing petitioner's allegations against respondent is not contained in the record. That same day, the circuit court issued an emergency order prohibiting respondent from stalking and having any contact with petitioner. Respondent was further prohibited from going within one foot of petitioner's residence. The order indicated that it was effective until June 13, 2019, at which time there would be a hearing.

¶ 4    On June 13, petitioner and respondent appeared at the hearing. After the hearing, the circuit court entered a "Disposition Order" vacating the May 24 stalking no contact order and dismissing the case. The record before this court does not include a transcript or alternative report of proceedings for the hearing.

¶ 5    On appeal, petitioner contends that the circuit court abused its power, engaged in judicial misconduct, was unethical, not impartial, and did not allow petitioner to present her complete case. She claims that respondent constantly stalked and harassed her and caused damage to her property and health for seven years. Petitioner alleges that respondent willingly and knowingly endangered her life with his illegally placed furnace/air conditioner unit located near her bedroom window which blows carbon monoxide and gas into her house, making her ill. She also alleges that respondent's sump pumps flow water underground to her property causing damage

to the foundation of her house. Petitioner asserts that respondent plans to destroy her property and is trying to kill her. Petitioner argues that she was denied due process of law where the court "coached" respondent during the hearing, respondent committed perjury, and the judgment was based on respondent's "hearsay" rather than the facts of the case. In addition, petitioner claims the hearing transcript contains numerous errors and is not professional or truthful.

¶ 6    Respondent has not filed a responsive appellee's brief. This court, however, has elected to consider this appeal under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 7    Petitioner has attached to her brief several documents that are not included in the certified record on appeal. These include her petition filed on May 24 for the stalking no contact order, a complaint she filed with the presiding judge of the court regarding the trial judge, and an uncertified copy of the transcript from the June 13 hearing throughout which petitioner inserted notations, alleged corrections, questions and commentary. We are precluded from considering the information contained in these documents as they are not properly before this court and cannot be used to supplement the record. *Revolution Portfolio, LLC v. Beale*, 341 Ill. App. 3d 1021, 1024 (2003).

¶ 8    Insofar as petitioner asserts that she was denied her right to due process of law, we need not reach constitutional questions when the issue can be resolved on other grounds. *Lyon v. Department of Children & Family Services*, 209 Ill. 2d 264, 271 (2004).

¶ 9    We find that our review of this appeal is hampered by an incomplete record. An appellant has the burden of presenting a sufficiently complete record of the circuit court proceedings to support any claims of error, and in the absence of such a record, this court will presume that the

circuit court's order conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 10    Pursuant to Supreme Court Rule 321 (eff. Feb. 1, 1994), the record on appeal shall include the entire common law record, including every document filed in the case, and any report of proceedings prepared in accordance with Supreme Court Rule 323 (eff. July 1, 2017). Pursuant to Rule 323, the report of proceedings may be a transcript prepared by court reporting personnel, or in lieu of a transcript, an appellant may file a bystander's report (Rule 323(c)) or an agreed statement of facts (Rule 323(d)). Here, the record does not contain a report of the circuit court proceedings, specifically, the June 13 hearing vacating the stalking no contact order and dismissing the case, in any format. It appears that a transcript of the hearing was prepared by a court reporter as petitioner attached an altered version of the transcript to her brief. However, the "Request for Preparation of Record on Appeal," contained in the record shows that petitioner did not request the clerk of the circuit court to prepare and certify the report of proceedings as part of the record on appeal submitted to this court.

¶ 11    The record before this court consists of one 15-page volume of common law documents containing the court's docket sheets, the May 24 stalking no contact order, an affidavit of service on respondent, the June 13 order vacating the May 24 order and dismissing the case, petitioner's notice of appeal, and her request for preparation of the record. The circuit court's disposition order is a one-page preprinted form with three boxes checked off indicating an emergency stalking no contact order was issued on May 24, the order was vacated, and the case was dismissed after a hearing at which both parties were present.

¶ 12    Based on this record, we know that the circuit court conducted a hearing on June 13 and that both parties were present. Without a report of proceedings, this court has no knowledge of what evidence, if any, was presented by whom or what arguments the parties made before the court. Nor do we know what findings the court made, or the reasoning and rationale that provided the basis for the circuit court's ruling. Under these circumstances, this court must presume the circuit court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92.

¶ 13    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 14    Affirmed.