2026 IL App (1st) 241943-U

No. 1-24-1943

Order filed January 27, 2026

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| RHODA JEFFRIES, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 24 L 50062 |
| THE DEPARTMENT OF EMPLOYMENT SECURITY, | ) | |
| THE DIRECTOR OF EMPLOYMENT SECURITY, THE | ) | |
| BOARD OF REVIEW, and THE SALVATION ARMY, | ) | Honorable |
| | ) | John A. Simon, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAN TINE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The Board of Review's denial of unemployment insurance benefits is affirmed where plaintiff did not meet the eligibility requirements because her former employer, The Salvation Army, is a church.

¶ 2     Plaintiff Rhoda Jeffries appeals *pro se* from an order of the circuit court of Cook County affirming a final administrative decision by defendant, the Board of Review of the Department of Employment Security (Board). The Board found plaintiff ineligible for unemployment insurance

benefits because her former employer, The Salvation Army, is a church and, therefore, her work did not constitute "employment" pursuant to section 211.3(A)(1) of the Unemployment Insurance Act (Act) (820 ILCS 405/211.3(A)(1) (West 2022)). On appeal, plaintiff contends The Salvation Army should not be exempt from paying her benefits because the work she performed did not involve religious activities. For the following reasons, we affirm.

¶ 3    The record shows plaintiff was employed as an accreditation and training manager with The Salvation Army from June 13, 2022, until May 1, 2023. Immediately thereafter, plaintiff applied to the Department of Employment Security (Department) for unemployment insurance benefits. Plaintiff reported her reason for separation was because she had been "discharged (fired)" by The Salvation Army.

¶ 4    On May 5, 2023, the Department mailed plaintiff its initial finding stating that she was "ineligible for regular Unemployment Insurance Benefits" because she did not earn enough wages to qualify. On May 16, 2023, the Department mailed plaintiff a questionnaire to determine her eligibility for benefits under section 500(E) of the Act (820 ILCS 405/500(E) (West 2022)). The Department stated that it had to determine whether The Salvation Army could be considered an employer and if the remuneration plaintiff received could be used for monetary eligibility for benefits. The questionnaire specifically asked if plaintiff had been employed as an independent contractor. Plaintiff returned the completed questionnaire stating that she was not an independent contractor.

¶ 5    On May 26, 2023, a Department claims adjudicator conducted an initial telephone interview with plaintiff to assess her eligibility for benefits. During the interview, plaintiff stated that she was employed by The Salvation Army as a "w2 worker" with an annual salary of $60,000.

¶ 6      On June 1, 2023, the claims adjudicator issued a written determination stating that plaintiff was not eligible to receive unemployment insurance benefits. The adjudicator stated that The Salvation Army was not an employer under section 500(E) of the Act because it was "a charitable organization which is associated with a church." The adjudicator explained that, because The Salvation Army was not an employer for the purposes of the Act, the remuneration it paid plaintiff for her service could not be used to establish monetary eligibility for benefits.

¶ 7      On June 9, 2023, plaintiff filed a written request for reconsideration of the claims adjudicator's decision and an appeal to the Department referee. Plaintiff asserted that the Act provided that an employer's failure to contribute to the unemployment system did not impact a claimant's eligibility for benefits. Plaintiff attached to her appeal copies of her last earnings statement from The Salvation Army, her W-2 for 2022, her driver's license, and her social security card.

¶ 8      After reconsideration, the claims adjudicator again concluded, based on the original findings and reasoning, that plaintiff was ineligible to receive benefits. Plaintiff's appeal was then filed with the Department referee for a telephone hearing.

¶ 9      On July 11, 2023, administrative law judge (ALJ) and hearing referee Shelby Webb, Jr., conducted a telephone hearing to consider plaintiff's appeal. Webb identified three issues that would be addressed during the hearing: (1) whether plaintiff's work constituted "employment" as defined in the Act; (2) whether the remuneration The Salvation Army paid plaintiff should be excluded from determining her monetary eligibility for unemployment insurance benefits pursuant to sections 211.2 and 211.3 of the Act; and (3) if not excluded, could those earnings be used to establish plaintiff's monetary eligibility for benefits.

¶ 10    Plaintiff testified that when she began working for The Salvation Army, she understood it to be "a charitable organization." Plaintiff stated that she understood that "some portions of The Salvation Army operated, um, as a church." However, the "section" that plaintiff worked in was "The Salvation Army Harbor Light Center," which plaintiff characterized as "charitable." Plaintiff testified, "we had nothing to do like religion, religious, or anything with my work. Everything was based off of charitable [*sic*] and what they did for the community."

¶ 11    Plaintiff confirmed that she had been employed full time with The Salvation Army as the accreditation and training manager at the Harbor Light Center. She described her duties as providing training "in the company" needed for accreditation related to drug and alcohol "policies and processes that had to be adhered to because of certain funding from the government." Plaintiff further testified that she was not given a reason for her discharge. She claimed she returned to work after being ill for a few days and a new manager told her she was being discharged.

¶ 12    Kathy Klockowski, the human resources manager for The Salvation Army, confirmed, pursuant to Webb's questioning, that The Salvation Army was a religious, charitable, educational, or other nonprofit organization as defined in section 501(c)(3) of the Internal Revenue Code (Code) (26 U.S.C. § 501(c)(3) (2018)), and was exempt from income tax under section 501(a) of the Code (26 U.S.C. § 501(a) (2018)). Klockowski also confirmed that The Salvation Army was "commonly recognized as a church."

¶ 13    Klockowski testified that plaintiff's duties were to train staff and to work with the accreditation for The Salvation Army's certification by the Committee on Accreditation of Rehabilitation Facilities. Klockowski testified that plaintiff was terminated due to performance

issues involving aggressive and potentially threatening behavior. In closing, Klockowski stated, "The Salvation Army is exempt from unemployment."

¶ 14    In her closing, plaintiff stated that The Salvation Army was "a charitable organization" that received government funding and issued her a W-2 for her earned wages. Plaintiff stated that they never informed her that she would not be eligible for unemployment if her employment with them ended. Plaintiff further stated, "it looks like from the unemployment records, it states that they associated with a church."

¶ 15    ALJ Webb issued a written decision affirming the claims adjudicator's determination finding plaintiff not eligible for unemployment benefits. In his factual findings, Webb stated that The Salvation Army was a nonprofit organization that was exempt from tax under section 501(c)(3) of the Code and was "commonly recognized as a church." Webb noted that plaintiff had not presented any evidence to rebut those facts. Webb also found that plaintiff had been discharged for misconduct.

¶ 16    Webb included the statutory language for several sections of the Act. Most significant, Webb pointed out that section 236 of the Act defined "insured work" as services that were performed in employment for employers (820 ILCS 405/236 (West 2022)). Webb also noted that section 211.3(A)(1) stated that the term "employment" did not include services performed while employed by "a church or convention or association of churches."

¶ 17    Relying on federal case law, Webb stated, "The Salvation Army is recognized as a church." See *McClure v. The Salvation Army*, 460 F.2d 553, 554 (5th Cir. 1972). Webb also noted that in *St. Martin Evangelical Lutheran Church v. South Dakota*, 451 U.S. 772 (1981), the United States Supreme Court held that schools with no separate legal existence from a church were exempt from

unemployment compensation taxes under the Federal Unemployment Tax Act and the state's complementary statute. Webb stated that the Court "found the word 'church' referred not just to the actual house of worship used by a congregation, but to the congregation or the hierarchy itself, that is, the church authorities who conduct the business of hiring, discharging, and directing church employees."

¶ 18    Webb further stated,

> "[t]he Department has consistently held that the service of an individual performed for The Salvation Army is service in the employ of a church, and is therefore excluded from insured employment under the Act. [820 ILCS 405/211.3.A.(1) (2023)] It was sufficiently established that the Claimant worked for The Salvation Army, and was thereby affiliated with the church."

Webb concluded that the preponderance of the evidence supported the finding that the services plaintiff provided during her employment with The Salvation Army fell within section 211.3(A)(1) of the Act and, therefore, were exempted from insured employment. Consequently, plaintiff did not satisfy the monetary requirements for eligibility for unemployment benefits under section 500(E) of the Act.

¶ 19    Plaintiff appealed ALJ Webb's decision to the Board. Plaintiff argued that she was not discharged for misconduct and maintained that she was not given a reason for her discharge. Plaintiff also stated that her responsibilities at The Salvation Army were not similar in nature to those described in the *McClure* case cited by Webb. Plaintiff reiterated her claim that The Salvation Army is a "charitable organization" primarily engaged in providing human and social services. Plaintiff stated that she informed Webb that the programs at The Salvation Army Harbor Light

Center provided human services to the community and that her job responsibilities had nothing to do with worship or providing religious services.

¶ 20    Plaintiff highlighted five specific points: (1) she was not a member, soldier, officer, nor salvationist of The Salvation Army; (2) she was not enrolled in any of The Salvation Army's programs; (3) most programs and services offered at The Salvation Army Harbor Light Center involved human and social services offered to the community and others; (4) she had testified that religion and worship were not part of her job responsibilities nor required of her; and (5) her job responsibilities did not include public worship of God nor training for church members, officers, a congregation, or salvationists.

¶ 21    The Board affirmed ALJ Webb's decision finding plaintiff ineligible to receive unemployment benefits. In its written decision, the Board stated that it reviewed the record, including the transcript from the telephone hearing. It found that the record adequately set forth the evidence and that no further evidentiary proceedings were necessary. The Board also found that Webb's decision was supported by the record and the law and, therefore, incorporated it as part of the Board's decision.

¶ 22    The Board noted that an entity that claims to be exempt under section 500(E) of the Act via section 211 of the Act has the burden of establishing its entitlement to the exemption by clear and conclusive evidence. See *By The Hand Club For Kids, NFP, Inc. v. Department of Employment Security*, 2020 IL App (1st) 181768, ¶ 19. The Board stated that the issue of The Salvation Army's exemption "has been litigated several times and the Federal courts have found that the Salvation Army, including its thrift stores, is a church." See *Schleicher v. The Salvation Army*, 518 F.3d 472, 477 (7th Cir. 2008). Accordingly, the Board concluded that, because the Act states that

"employment" does not include services performed when employed by a church, plaintiff did not have sufficient wages from an employer to qualify for unemployment benefits.

¶ 23     Plaintiff appealed the Board's judgment to the circuit court of Cook County. Following a hearing, the circuit court affirmed the Board's decision denying plaintiff unemployment benefits.

¶ 24     On appeal, plaintiff contends The Salvation Army should not be exempt from paying her benefits because the work she performed did not involve religious activities. Plaintiff points out that she testified at the telephone hearing that the "section" she worked in, The Salvation Army Harbor Light Center, was not religious but, instead, did charitable community work. She asserts that The Salvation Army has adult rehabilitation centers that are faith-based institutions but that the Harbor Light Center provided traditional treatment with no religious teachings, worship, or prayer. Plaintiff states that the Harbor Light Center receives funding from the government and by billing insurance companies. It does not receive funding from the thrift stores. Plaintiff further claims Klockowski "misled the court" when she testified that The Salvation Army was a church because it consists of both churches and social service entities. Plaintiff argues that the Board erred when it failed to consider the lack of religious activities involved with her employment.

¶ 25     The State defendants (the Department, the director of the Department, and the Board) respond that the Board's finding that The Salvation Army is a church was not against the manifest weight of the evidence and, thus, its determination that plaintiff was not eligible for unemployment benefits was not clearly erroneous. Defendants argue that, despite any secular function, the Harbor Light Center is part of The Salvation Army's overall religious mission which brought it within the definition of a church. Therefore, because plaintiff's services were performed for a church, her

work did not qualify as compensable employment under the Act. Defendants assert that the fact that plaintiff's work duties were not religious activities is irrelevant.

¶ 26     The Salvation Army filed a separate appellee's brief also arguing that the Board's findings that it was a church and that plaintiff was not eligible for unemployment benefits were not erroneous. The Salvation Army argues that the unrefuted evidence and legal precedent established that it was a church and plaintiff never presented any evidence to the contrary. It also asserts that it is irrelevant that plaintiff's work responsibilities were not religious. The Salvation Army points out that plaintiff attached documents to her brief that are not in the record and argues that they cannot be considered by this court. It further claims plaintiff waived her argument that she served a secular role that entitled her to unemployment or that The Salvation Army was not exempt under the Act because she did not raise the argument before the Department.

¶ 27     Initially, we observe that plaintiff attached to her brief an unidentified organizational chart and multiple emails she exchanged with Klockowski and other employees at The Salvation Army shortly before her discharge. These documents are not in the record on appeal. Our administrative review is confined to the evidence that was presented before the agency, here, the Board. 735 ILCS 5/3-110 (West 2022); *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 214 (2008). Thus, we are precluded from considering the information contained in plaintiff's documents because they are not properly before this court and cannot be used to supplement the record. *Revolution Portfolio, LLC v. Beale*, 341 Ill. App. 3d 1021, 1024 (2003).

¶ 28     We disagree, however, with The Salvation Army's claim that plaintiff waived her argument because she failed to raise it before the Department. Issues and arguments that were not presented to the administrative agency are forfeited and cannot be raised for the first time before the appellate

court on administrative review. 735 ILCS 5/3-110; *Carpetland U.S.A., Inc. v. Illinois Department of Employment Security*, 201 Ill. 2d 351, 396-97 (2002). This court's review is confined to the issues, arguments and evidence that were presented before the Board. *Texaco-Cities Service Pipeline Co. v. McGaw*, 182 Ill. 2d 262, 278-79 (1998).

¶ 29 Here, the record shows that plaintiff consistently argued at the telephone hearing with the Department and on appeal to the Board that the "section" she worked for, The Salvation Army Harbor Light Center, was a charitable organization that performed community work. Plaintiff has repeatedly maintained that her job responsibilities did not involve any type of religious activity. We therefore find that, although she did not use the precise legal terminology from the Act, plaintiff clearly argued that she was entitled to unemployment benefits because she was employed in a nonreligious, *i.e.*, secular, position with a charitable branch of The Salvation Army. Thus, plaintiff's argument is not forfeited.

¶ 30 This court reviews the final decision of the Board rather than that of the circuit court. *Petrovic v. Department of Employment Security*, 2016 IL 118562, ¶ 22. The Board's factual findings are considered *prima facie* true and correct and will not be disturbed unless they are against the manifest weight of the evidence. *520 South Michigan Avenue Associates v. Department of Employment Security*, 404 Ill. App. 3d 304, 312 (2010). Under this standard, the Board's factual findings "must stand unless 'the opposite conclusion is clearly evident.' " *Id.* at 313 (quoting *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191, 204 (1998)). Where the record contains any evidence that supports the Board's factual findings, they are not against the manifest weight of the evidence and must be sustained. *Woods v. Illinois Department of Employment Security*, 2012 IL App (1st) 101639, ¶ 16.

¶ 31    It is the Board's responsibility to weigh the evidence, determine the credibility of the witnesses, and resolve conflicts in the testimony. *Hurst v. Department of Employment Security*, 393 Ill. App. 3d 323, 329 (2009). Reviewing courts are precluded from reweighing the evidence, resolving conflicts in the testimony, or evaluating the credibility of the witnesses. *Woods*, 2012 IL App (1st) 101639, ¶ 16. Nor may a reviewing court substitute its judgment for that of the Board. *520 South Michigan Avenue*, 404 Ill. App. 3d at 317. If the issue on review merely involves conflicting testimony and witness credibility, the Board's determination should be sustained. *Id.* at 318.

¶ 32    Here, the Board found that plaintiff was not eligible for benefits because her employer, The Salvation Army, was a church and, therefore, her work did not qualify as "employment" as defined in the Act. Whether the facts satisfy the statutory standard is a mixed question of fact and law that is reviewed under the clearly erroneous standard. *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 22. The Board's decision is clearly erroneous where the court reviews the record and definitively concludes a mistake has been made. *Petrovic*, 2016 IL 118562, ¶ 21.

¶ 33    Section 500(E) of the Act provides, in relevant part, that an unemployed person is eligible to receive benefits if she was paid during her base period "wages for insured work equal to not less than $1,600, provided that [s]he has been paid wages for insured work equal to at least $440 during that part of [her] base period which does not include the calendar quarter in which the wages paid to [her] were highest." 820 ILCS 405/500(E) (West 2022). The Act defines "insured work" as "services performed in employment for employers." 820 ILCS 405/236 (West 2022). "Employment" is defined as any service "performed by an individual for an employing unit." 820 ILCS 405/206 (West 2022).

¶ 34    Section 211.2 of the Act further provides that, "[e]xcept as provided in Section 211.3," the term "employment" includes service performed by a person working for a nonprofit organization, including religious and charitable organizations as defined in section 501(c)(3) of the Code that are exempt from income tax under section 501(a) of the Code. 820 ILCS 405/211.2 (West 2022). The exception in section 211.3 explicitly states, "[f]or the purpose of Section 211.2, the term 'employment' shall not include services performed" by a person in the employ of "a church or convention or association of churches." 820 ILCS 405/211.3(A)(1) (West 2022).

¶ 35    The courts have long recognized that The Salvation Army is a church. "The Salvation Army is an evangelical ministry founded in 1865 by William Booth, a former Methodist minister." *Garcia v. Salvation Army*, 918 F.3d 997, 1001 (9th Cir. 2019). What began as a single ministry in London expanded to the United States in 1880. *Id.* "The Salvation Army describes itself as 'an evangelical part of the universal Christian church,' whose professed mission is 'to preach the gospel of Jesus Christ and to meet human needs in His name without discrimination.' " *Id.* at 1002.

¶ 36    In *Schleicher*, Judge Richard Posner unequivocally stated that The Salvation Army "is acknowledged to be a completely legitimate church." *Schleicher*, 518 F.3d at 478. In that case, a retired director of The Salvation Army's midwestern adult rehabilitation centers "testified without contradiction, a Salvation Army Adult Rehabilitation Center is a church, and, like a church, it is administered by church officials[.]" *Id.* at 476.

¶ 37    Over 70 years ago, our supreme court also recognized The Salvation Army was a church, stating, "its object is to further the work of the Christian church known as the Salvation Army, to engage in charitable, educational and religious work, and to do everything necessary or incidental to such charitable, educational and religious work[.]" *McDonough County Orphanage v. Burnhart*,

5 Ill. 2d 230, 237-38 (1955). The Second District of this court also stated, "The Salvation Army is a Protestant Christian religious movement which, in addition to preaching the gospel, provides an array of social services to the poor, including alcoholic rehabilitation." *The Salvation Army v. Department of Revenue*, 170 Ill. App. 3d 336, 338 (1988).

¶ 38    Here, the record shows that the Board's factual finding that plaintiff's employer, The Salvation Army, was a church was not against the manifest weight of the evidence. It is undisputed that plaintiff was employed by The Salvation Army. When plaintiff applied for unemployment insurance benefits, the Department immediately questioned her eligibility under section 500(E) of the Act based solely on the fact that her employment had been with The Salvation Army. The claims adjudicator stated that The Salvation Army was not an employer under section 500(E) of the Act because it was "a charitable organization which is associated with a church." The adjudicator explained that, because The Salvation Army was not an employer for the purposes of the Act, the remuneration it paid plaintiff for her service could not be used to establish her monetary eligibility for benefits.

¶ 39    Plaintiff appealed that decision and proceeded to a telephone hearing where Klockowski, the human resources manager, testified that The Salvation Army was "commonly recognized as a church." Klockowski further stated, "The Salvation Army is exempt from unemployment." Plaintiff testified that she understood that "some portions of The Salvation Army operated, um, as a church." She asserted, however, that the "section" she worked for, The Salvation Army Harbor Light Center, was a "charitable organization" and that her job responsibilities did not involve any religious activity. Plaintiff did not provide any evidence to support her assertion, nor did she present any evidence or argument that The Salvation Army was not a church.

¶ 40 In addition to the testimony at the hearing, ALJ Webb cited case law that stated that The Salvation Army is a church. See *McClure*, 460 F.2d at 554. Webb further stated that the Department had consistently held that service performed for The Salvation Army was in the employ of a church and, therefore, was excluded from insured employment under section 211.3(A)(1) of the Act.

¶ 41 The record shows that when plaintiff appealed ALJ Webb's decision to the Board, she repeated her assertions that The Salvation Army was a charitable organization and that her job responsibilities did not involve religious activity. Again, plaintiff presented no evidence in support of her assertions. The Board noted that the issue of The Salvation Army's exemption "has been litigated several times and the Federal courts have found that the Salvation Army, including its thrift stores, is a church." See *Schleicher*, 518 F.3d at 477. Based on this record, we find that the evidence supported the Board's factual finding that The Salvation Army is a church. *Woods*, 2012 IL App (1st) 101639, ¶ 16.

¶ 42 Because The Salvation Army is a church, it therefore follows that the Board's finding that plaintiff's work did not qualify as "employment" as defined in the Act was not clearly erroneous. *Leach,* 2020 IL App (1st) 190299, ¶ 22. Section 211.3(A)(1) explicitly states that the term "employment" does not include services performed in the employ of a church. 820 ILCS 405/211.3(A)(1). Consequently, plaintiff's employment with The Salvation Army did not meet the Act's definition of "insured work" (820 ILCS 405/236), and she did not satisfy the eligibility requirements to receive unemployment insurance benefits under section 500(E) (820 ILCS 405/500(E)).

¶ 43    In reaching this conclusion, we find no merit in plaintiff's argument that she qualified for benefits because her job responsibilities did not involve religious activity. Section 211.3(A)(1) of the Act exempts from "employment" services performed in the employ of a church without further qualification as to the type of services performed. Moreover, significantly here, the record contains no evidence regarding the services or activities provided by The Salvation Army Harbor Light Center. We do not know what type of activities, religious or nonreligious, occur there.

¶ 44    Nevertheless, even if we accept as true plaintiff's assertion on appeal that the Center provided "traditional" treatment with no faith-based or religious activities, the lack of religious activity is irrelevant. In a recent case involving Wisconsin's unemployment exemption statute, the United States Supreme Court noted that many religions have rules that prohibit proselytization or religious differentiation in the provision of charitable services. See *Catholic Charities Bureau, Inc. v. Wisconsin Labor & Industry Review Comm'n*, 605 U.S. 238, 249-50 (2025). Although the organization's charitable works were religiously motivated, the Supreme Court found that it was not necessary that all their activities had to be religious in nature for it to qualify for the state's unemployment tax exemption. *Id.* Similarly, here, even if services provided at The Salvation Army Harbor Light Center are not religious in nature, that does not change the fact that The Salvation Army is a church and that services performed in the employ of the church do not constitute employment under the Act.

¶ 45    For these reasons, we affirm the final administrative decision of the Board of Review.

¶ 46    Affirmed.