2026 IL App (1st) 251237-U

No. 1-25-1237

Order filed May 8, 2026

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SOPHIA LONGMAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 25 OP 72989 |
| | ) | |
| WENQIANG BIAN, | ) | Honorable |
| | ) | Peter Michael Gonzalez, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Circuit court's judgment terminating and vacating an emergency stalking no-contact order and denying a plenary order is affirmed where the judgment was not against the manifest weight of the evidence.

¶ 2     Sophia Longman appeals *pro se* from a judgment terminating and vacating an emergency stalking no-contact order she obtained against Wenqiang Bian and denying her request for a plenary order under the Stalking No-Contact Order Act (Act) (740 ILCS 21/1 et seq. (West 2024)). On appeal, Longman contends the judgment is erroneous because (i) Bian stalked and harassed

her, (ii) Bian's wife committed acts constituting third-party stalking and harassment, (iii) Bian's "false" calls to 911 constituted stalking and harassment, (iv) the court should have considered Bian's "criminal history," (v) the court arbitrarily decided that Bian's "false" 911 calls and "criminal history" were insignificant, and (vi) the court did not rule impartially or use the appropriate discretion.

¶ 3    We affirm. The trial court concluded no acts of stalking occurred; instead, this was a dispute over ownership of a cat. Under this record, the judgment was not against the manifest weight of the evidence.

¶ 4                                    Background

¶ 5    On April 7, 2025, Longman, *pro se*, requested for emergency and plenary stalking no-contact orders against Bian, who lived in a neighboring apartment building. She described three encounters. On March 26, around 9:45 p.m., she said Bian rang her doorbell for about 45 minutes. The next evening, she said Bian and his wife pounded on her door, yelled, and threw objects. On April 6, as she walked home, she said Bian crossed the street and, yelled from behind: "[D]on't expect this to be over. I'm not finished with you. You hear me!" She reported the incidents to police but attached no reports.

¶ 6    Longman sought a court order prohibiting Bian from (1) committing or threatening to commit stalking, (2) contacting Longman, and (3) knowingly coming or remaining within an unspecified distance of her residence. Longman also requested the court prohibit contact or harassment by a third party. The court entered the emergency order and set the matter for hearing.

¶ 7    At the hearing, Longman testified about March 26. She said Bian and his wife rang her bell and banged on her door; she did not respond because the police had advised not to have contact

with them. She played Ring-camera video (not in the record). The court noted the video showed Bian's wife at the gate and did not show Bian knocking. Longman agreed Bian was not visible and the knocking was his wife's. (No videos are included with the record on appeal.)

¶ 8    Longman maintained Bian repeatedly called police and falsely accused her of stealing his cat, but offered no proof. The court found that even if Bian called 911 and filed a false report, the conduct was outside the Act's scope.

¶ 9    The dispute, as it unfolded, centered on a cat. Longman said she had taken in a stray, microchipped it, and considered it hers. She claimed Bian had taken the cat; police intervened and the cat was returned. Longman acknowledged that the cat once roamed outdoors but was now kept inside, and there have been no further issues over the cat.

¶ 10    A second video, she said, showed Bian and his wife at her door, with the wife yelling and tossing what appeared to be fruit. Longman conceded the video did not show Bian knocking, banging, or acting toward her.

¶ 11    As to April 6, Longman testified that Bian yelled from behind her that the matter was not over. He did not approach or touch her. She took the comment to be about the cat. She added that she feared Bian based on online information about prior arrests, but the court declined to consider without proof.

¶ 12    Bian acknowledged that he called the police multiple times, claiming Longman had stolen his cat. He offered nothing further bearing on stalking.

¶ 13    The court saw the proceeding as a dispute over ownership of a cat. Most of what Longman described involved Bian's wife, not Bian. Key claims, like repeated false police reports, were unsupported or not pleaded. On this record, the court found no threats, no violence, and no course

of conduct that satisfies the Act. The court admonished Bian to leave Longman and the cat alone, warning that credible proof of further harassment would bring contempt. It then vacated the emergency order and dismissed the case.

¶ 14                                      Analysis

¶ 15    Longman contends the judgment is erroneous because (i) Bian stalked and harassed her, (ii) acts by Bian's wife constituted third-party stalking and harassment, (iii) Bian's "false" 911 calls constituted stalking and harassment, (iv) the court should have considered Bian's "criminal history" to grant a plenary order, (v) the court arbitrarily decided Bian's "false" 911 calls and "criminal history" were insignificant, and (vi) the court did not rule impartially or use appropriate discretion.

¶ 16    While Bian has not filed a responsive brief, we entered an order taking the appeal on the record and Longman's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976) (appeal may be taken on appellant's brief only where issues are simple and can be decided without additional briefing).

¶ 17    As a threshold matter, Longman relies on several documents attached in appendices to her notice of appeal and amended notice of appeal that were neither admitted into evidence at the hearing nor included in the record on appeal. These include a "Chronological order of events" with new facts, purported of 911 call records, and Bian's alleged arrest records. We are precluded from considering them. *Revolution Portfolio, LLC v. Beale*, 341 Ill. App. 3d 1021, 1024 (2003) (Attachments to appellate brief must be contained in certified record on appeal; otherwise, appellate court cannot consider them as supplement to record).

¶ 18    Further, Longman's argument fails to comply with the requirements in Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). Rule 341(h)(7) states that an argument in an appellate brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." (Emphasis added.) Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The rule further states that "[p]oints not argued are forfeited." Id.

¶ 19    Longman has failed to articulate a cohesive legal argument. For each of her six points, she states the trial court's finding or ruling, then concludes the court was incorrect or that Bian had committed stalking and harassment. She has not specified legal errors but disagrees with the rulings. In addition, Longman quoted phrases from the Act defining "stalking," "contact," and "course of conduct," but misinterpreted or took the phrases out of context. Her brief lacks citations to case law or legal authority showing error. She incorrectly asserts, without authority, that this court has *de novo* review over her first four points. She also relies on presumptions she made at the hearing as facts, although the court advised they were not. For example, Longman claims Bian made "false" 911 calls and has "a history of unlawful possession of firearms."

¶ 20    Longman's *pro se* status does not relieve her of the duty to comply with the supreme court's rules on the contents of a brief. *Ellis v. Flannery*, 2021 IL App (1st) 201096, ¶ 8. Issues on appeal must be framed and supported by citations to relevant legal authorities. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 15 ("The appellate court is 'not a depository in which the burden of argument and research may be dumped,' " quoting *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80).

¶ 21    Based on Longman's noncompliance with Rule 341(h), we could dismiss her appeal. *McCann*, 2015 IL App (1st) 141291, ¶ 12. Instead, we find she has forfeited the points she raised on appeal. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 22 Putting forfeiture aside, Longman is challenging the judgment's denial of her a plenary stalking no-contact order. Our review of the record reveals that the court's judgment was correct.

¶ 23 "Stalking generally refers to a course of conduct, not a single act." 740 ILCS 21/5 (West 2024). The Act defines "stalking" as "engaging in a course of conduct directed at a specific person, and he or she knows or should know that this course of conduct would cause a reasonable person to fear for his or her safety *** or suffer emotional distress." 740 ILCS 21/10 (West 2024). "Course of conduct" is defined as "2 or more acts, including but not limited to acts in which a respondent directly, indirectly, or through third parties, by any action, method, device, or means follows, monitors, observes, surveils, or threatens a person, *** or interferes with or damages a person's property or pet." Id. Examples of stalking include following a person, conducting surveillance of a person, appearing at a person's home, and making unwanted phone calls to that person. 740 ILCS 21/5 (West 2024).

¶ 24 A petitioner seeking a stalking no-contact order must prove by a preponderance of the evidence that the respondent's conduct constitutes stalking. 740 ILCS 21/30 (West 2024); *McNally v. Bredemann*, 2015 IL App (1st) 134048, ¶ 10. The trial court's determination that stalking did not occur will not be reversed on appeal unless it is against the manifest weight of the evidence. *McNally*, 2015 IL App (1st) 134048, ¶ 12. A judgment is against the manifest weight of the evidence only when the record compels the opposite conclusion or shows the decision rests on an unreasonable or arbitrary view of the evidence. *Id*.

¶ 25 The record shows that the trial court's finding that Bian did not stalk Longman. Contrary to the allegations in Longman's petition for a stalking no-contact order, the evidence at the hearing showed that Bian did not commit any acts that constituted stalking. Longman's allegations in her

petition that Bian "banged" on her door on multiple days were contradicted by her own testimony and video from her Ring camera, which showed that Bian never knocked on her door. The evidence showed that during the alleged first incident, Bian was not within view of Longman's door, but was somewhere on the street and appeared to be talking on his phone.

¶ 26    The record also shows that Longman presented no evidence that Bian asked or directed his wife to bang on her door or commit other acts on his behalf. Thus, the court correctly found that the acts by Bian's wife did not amount to stalking by Bian through a third party.

¶ 27    Regarding evidence that Bian made "false" calls or reports to the police or 911, Longman made the presumption without any evidence. The court noted she made no mention of the calls in her petition and accused Bian only during the hearing. Similarly, her claim that she feared Bian because of an alleged online arrest record did not show stalking conduct.

¶ 28    The court found that Longman had mischaracterized what happened in her petition, which negatively affected her credibility. Determination of credibility falls within the trial court's discretion. *McNally*, 2015 IL App (1st) 134048, ¶ 14. We do not reweight the evidence or second-guess the fact finder's assessment of the witnesses. *Id*.

¶ 29    Based on the record before us, we find that the judgment was not against the manifest weight of the evidence.

¶ 30    Affirmed.